FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

JUN -3 AM 8: 32

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Civil Action No. _____

(To be supplied by the court)

DANNY ZIPRIS _____, Plaintiff

v.                                                    **Jury Trial requested:**
                                                      **(please check one)**
                                                      ___ Yes _x_ No

Hon. ANNE M. OLLADA _____,


Hon. FREDERICK F MARTINEZ _____,


_____,


_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## COMPLAINT

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Danny Zipris, 1818 S Quebec Way #11-6, Denver, CO 80231

(Name and complete mailing address)

Tel. 303-656-5829; Email: dannyindenver@yahoo.com

(Telephone number and e-mail address)

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Hon. ANNE M. OLLADA, Small Claims Court Judge, Arapahoe County Court, 1790 W. Littleton Blvd, Littleton CO 80120

(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 2: Hon. FREDERICK F MARTINEZ, District Court Judge, Arapahoe County District Court, 7325 South Potomac Street, Centennial CO 80112

(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 3: _____

(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 4: _____

(Name and complete mailing address)

(Telephone number and e-mail address if known)

## C.   JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

__X__   Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

42 U.S.C. § 1983 _____

_____

____   Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of ___Colorado_____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*


CLAIM ONE: _____

   Supporting facts:




## SEE ATTACHMENTS

**E.      REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

# SEE ATTACHMENTS

**F.      PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Jimmy Zignis*

(Plaintiff's signature)

June 2, 2022

(Date)

(Revised February 2022)

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. _____**

**DANNY ZIPRIS,**
**Plaintiff,**

v.

**Hon. ANNE M. OLLADA,** Small Claims Court Judge, Arapahoe County Court, 1790 W. Littleton Blvd, Littleton CO 80120, in her official capacity

**Hon. FREDERICK F MARTINEZ,** District Court Judge, Arapahoe County District Court, 7325 South Potomac Street, Centennial CO 80112, in his official capacity
**Defendants,**

---

## COMPLAINT UNDER 42 U.S.C. § 1983

---

Plaintiff, Danny Zipris brings this civil rights action against Defendants for declaratory relief brought pursuant to 42 U.S.C. § 1983.

## I.
## PARTIES

1. Plaintiff is a citizen of the United States and a resident of Denver, Colorado.

2. Judge Anne M. Ollada ("Defendant 1") is an Arapahoe County Court Judge who personally participated in the allegations made in this litigation. At all times relevant to this litigation, she was acting under color of state law.

1

3.  Judge Frederick F. Martinez ("Defendant 2") is an Arapahoe District Court Judge who personally participated in the allegations made in this litigation. At all times relevant to this litigation, he was acting under color of state law.

## II.
## INTRODUCTION

1.  Plaintiff is proceeding Pro se.

2.  This case originated in the Arapahoe County Small Claims Court, the State of Colorado with the case styled *Zipris v. BBVA USA Inc.*, Case No. 20S608.

3.  On February 18, 2020, Plaintiff was defrauded by Ms. Jenevieve M Villegas (JMV), a now convicted felon, stealing $1,189 of which $1,152 were transferred to her BBVA account on the same day Plaintiff was defrauded.

4.  On April 30, 2020, JMV was arrested, and on May 1, 2020, JMV was criminally prosecuted and charged for the theft from Plaintiff (20M03049) and other crimes.

5.  On May 4, 2021, Plaintiff provided BBVA court and police documents indicating the charges against JMV demanding that the stolen funds are returned to him. BBVA admitted that it had not acted on Plaintiff's claims.

6.  Pursuant to Colorado 18-4-401 (Theft) and 18-4-405 (Rights in Stolen Property), Plaintiff filed a lawsuit against BBVA in the Arapahoe Small Claims Court for refusing to return the stolen funds to Plaintiff (Case 20S608).

7.  The Judge concealed from Plaintiff the intent to suppress evidence, suppressed highly relevant evidence without any justification, dismissed Plaintiff's case based on a distorted claim, and reached a "scientific" conclusion assessing attorney fees against Plaintiff on the basis of an egregiously inadequate determination.

2

8.    Plaintiff appealed the Small Claims Court Judgment in the Arapahoe District Court (Case 2021CV153).

9.    The District Court failed to serve Plaintiff with its Order to dismiss the appeal, determined that the deficient Minute Order of April 7, 2021 was appealable, and issued two Orders against Plaintiff in his absence.

10.   Plaintiff's property interest in this case is constitutional.

11.   Venue is proper in this District pursuant to 28 U.S.C. § 1391. The events alleged herein occurred in the State of Colorado, and all the parties were residents of and/or state-court judges acting in their capacity in the State of Colorado at the time of the events giving rise to this litigation.

## III.
## FACTUAL BACKGROUND

### A. <u>JMV was criminally prosecuted for the theft</u>

JMV defrauded Plaintiff stealing $1,189 from Plaintiff on February 18, 2020 via two Apple Cash transactions (**Exhibit 1A-1C**). JMV was criminally prosecuted for the theft from Plaintiff (**Exhibit 2A-2B**, criminal case 20M03049) and other crimes (**Exhibit 2C-2F**) and was sentenced to 3-year probation (**Exhibits 2G-2M**). JMV admitted the theft committed against Plaintiff and in return was enrolled into the Denver Diversion Program (**Exhibit 3A-3B**). Furthermore, Plaintiff brought a civil suit against JMV in the Denver County Court for stealing the money (Case 20C00294). On October 29, 2020, the Court issued an Order against JMV (**Exhibit 4**).

3

### B. Plaintiff's stolen money was transferred to a BBVA account

JMV used an Apple Cash account linked with a BBVA debit card ending with 6543 to defraud and steal Plaintiff's money (**Exhibit 5**). Records from a Court in New Mexico indicated that this debit card is linked with a BBVA account ending with 1232.

Per Plaintiff's request, the Small Claims Court issued a subpoena to produce records from the 1232 BBVA account. The subpoenaed records confirmed that JMV owns a BBVA account ending with 1232. The records further indicated that on the day Plaintiff was defrauded JMV made three deposits in the overall amount of $1,152 that constitute the majority of Plaintiff's stolen funds (**Exhibit 5**).

On May 4, 2021, Plaintiff provided BBVA police and court documents indicating the charges and criminal prosecution demanding that the stolen funds are returned to him. BBVA refused to return the money admitting on the trial held on April 7, 2021 that it had not done anything with Plaintiff's claims (**Subpoena to provide the trial's transcript has been filed**).

# IV.
# JUDGE ANNE M. OLLADA DENIED PLAINTIFF'S CONSTITUTIONAL RIGHT TO DUE PROCESS

**CLAIM ONE: The Court concealed its intent to redact the subpoenaed bank records; and suppressed highly relevant evidence without legal justification**

Plaintiff requested to obtain bank records from BBVA to identify bank transactions linked with the theft from Plaintiff. At the trial held on March 3, 2022, the Court ordered BBVA to produce bank records from 2/18/2020 – 2/28/2020 and 5/1/2020 – 5/15/2020 (**Exhibit 5**). Immediately after, Plaintiff noticed the Judge whispering to the Defendant's attorney and signaling with her hands in what appeared in hindsight as coordinating with the Defendant evidence redaction in a deliberate attempt to conceal this action from

Plaintiff (**Subpoena to obtain the trial's transcript has been filed**). On April 7, 2021, Plaintiff was shocked to discover that the records filed by BBVA were heavily redacted (**Exhibit 5**). While the dollar amounts in the records were left visible, all the other information was redacted.

Defendant 1 left Plaintiff in the dark as to the evidence redaction. At no point during the trial held on March 3, 2021, the Court made the determination that the bank records have to be suppressed. Furthermore, the Judge has not disclosed what specific content had to be suppressed. The conduct of the Judge substantially harmed Plaintiff's case and helped the defense. Being unaware of the redaction, Plaintiff was unable to raise his objection to the Judge's action. Moreover, the Judge has not provided any of the legal grounds based on which the Court thought the records had to be suppressed. The conduct of Defendant 1 concealing the intent to redact from Plaintiff and the suppression of highly relevant evidence were wrong constituting abuse of discretion, bias against Plaintiff, and denial of Plaintiff's right to due process and fair trial guaranteed under the Fourteenth Amendment.

The subpoenaed records were critical to Plaintiff's case. They had proven that Plaintiff's allegations regarding the link between JMV, BBVA and Plaintiff's stolen money were valid. The records indicated that JMV transferred to her BBVA account most of Plaintiff's stolen money on the day Plaintiff was defrauded on February 18, 2020. However, the redaction of the evidence prevented Plaintiff from revealing the source of the funds and denied his fundamental right to present a complete case.

The Court abused its discretion suppressing evidence highly relevant and non-privileged acting in contrast to a previous ruling that ""[D]iscovery rules should be

5

construed liberally to effectuate the full extent of their truth-seeking purpose." *BlueMountain Credit Alternatives Master Fund L.P. v. Regal Entm't Grp.*, 465 P.3d 122, 127 (Colo. App. 2020). Pursuant to C.R.C.P. 26(b)(1) (and Fed. R. Civ. P. 26(b)(1)), parties may obtain discovery regarding any matter relevant to the case and not privileged as indicated below.

> **C.R.C.P. 26(b)(1)**
> "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable."

Furthermore, In *BlueMountain Credit Alternatives Master Fund L.P. v. Regal Entm't Grp.*, 465 P.3d 122, 127 (Colo. App. 2020) the Court of Colorado asserted that:

> "[D]iscovery rules should be construed liberally to effectuate the full extent of their truth-seeking purpose" and "[i]n close cases, the balance must be struck in favor of allowing discovery." *Antero Res. Corp. v. Strudley* , 2015 CO 26, ¶ 32, 347 P.3d 149 (quoting *Direct Sales Tire Co. v. Dist. Court* , 686 P.2d 1316, 1321 (Colo. 1984) ).

In the same case, the Supreme Court stated that:

> "C.R.C.P. 26(c) allows the trial court to issue protective orders as justice requires 'to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense.' " *Id.* The party seeking protection from discovery bears the burden to establish good cause to obtain relief. *See* C.R.C.P. 26(c); *Williams*, 866 P.2d at 912."

The evidence was not unfairly prejudicial, confusing, a waste of time, privileged, or based on hearsay. Moreover, the Defendant had the right to seek protection from discovery if that was its desire.

6

Plaintiff filed a motion to subpoena un-redacted records immediately after the Court issued its Findings and Order on May 26, 2021. On May 27, 2021, the Court denied Plaintiff's motion (**Exhibit 6A-6B**).

**CLAIM TWO: <u>The Court's determination that Plaintiff has not met the burden of proof was fundamentally flawed ruling on a distorted claim Plaintiff has not made</u>**

The ruling to award the Defendant attorney fees was based on a flawed claim the Court made. The Court distorted Plaintiff's claim arguing that Plaintiff alleged that the defendant "collaborated" with the theft. Plaintiff has not made this claim in his lawsuit or at the trial (see below the court judgment *versus* Plaintiff's lawsuit) and did not have to prove a claim he has not made.

The Court stated the following flawed claim in its order of May 26, 2021 (**Exhibit 7A-7C**) stating that:

> "The Plaintiff brought this Small Claims Court case on December 16, 2020 alleging damages resulting from what he argued was the Defendant's collaboration with a non-party's alleged theft of monies from the Defendant."

Plaintiff's claim against BBVA stated that (**Exhibit 8**):

> "Defendant is refusing to return money that was fraudulently stolen from Plaintiff and deposited in a BBVA account. The money was stolen by Jenevieve M Villegas (DOB 1/14/1985, SSN: xxx-xx-6934) on 2-18-2020. This individual is a criminal with a history of thefts currently prosecuted for misdemeanors and felonies in Colorado. Plaintiff informed BBVA multiple times that this money has been stolen by a criminal and requested that it is returned immediately. Defendant refused to do so. Per the law in Colorado, receiving or obtaining control over stolen property is punished as if one had stolen the property himself. It is considered a form of theft and governed by section 18-4-404 of the Colorado Revised Statutes. By refusing to return the stolen money to Plaintiff, Defendant inflicted significant financial harm on Plaintiff. This court is requested to order Defendant to pay Plaintiff $7,500 to partially cover the financial losses caused by the bank's criminal conduct."

7

**CLAIM THREE: <u>The Court erred implicating the economy in the reasoning for its ruling to dismiss Plaintiff's claim</u>**

On the trial held on April 7, 2021, the Judge made the argument that cases like the one Plaintiff brought could hurt the economy (**Subpoena to produce the trial's transcript has been filed**). The Judge further argued that it would not be beneficial for the economy if litigants could demand their money from banks. The Court erred bringing this irrelevant, unreasonable and factually unfounded argument to justify dismissing Plaintiff's lawsuit. This claim was so egregious that it constituted a violation of Plaintiff's right to due process and fair trial.

**CLAIM FOUR: <u>The Court's ruling on attorney fees was arbitrary based of an inadequate and unfair determination process</u>**

The Court assessed attorney fees against Plaintiff despite the fact that Plaintiff is a Pro se litigant. To justify her ruling, Defendant 1 determined that Plaintiff should have known that his case was groundless. Defendant 1 has not provided any evidence to prove her claims aside from vague statements that Plaintiff was "prepared" to present his case and that he ""was extremely thorough in this presentation of his case which shows the Court that he did quite a bit of research into the subject matter." Furthermore, Defendant 1 reached an extremely precise numeric determination providing a specific date on which Plaintiff should have known that his case was groundless, stating in Findings and Order of May 26, 2021 (**Exhibit 7A-7C**) that it "finds that the Plaintiff should have reasonably known his case was substantially groundless when the matter was ordered set for trial on January 12, 2021." Because the ruling was that "scientific" and precise, the court would not have reached its numeric determination without using a mathematical model or a formula to base its determination on. Furthermore, the court should have revealed the

8

method(s) and parameters it applied to show that the ruling was made in good faith on the basis of logic, substance and fairness. The failure of the Court to provide the above information implies that the ruling was arbitrary, which resulted in miscarriage of justice constituting a blatant violation of Plaintiff's right to fair trial. Finally, despite the fact that the jurisdiction of the Small Claims Court is limited to $7,500, the Judge assessed against Plaintiff over $10,000 in costs and attorney fees.

## V.
## JUDGE FREDERICK F MARTINEZ DENIED PLAINTIFF'S RIGHT TO DUE PROCESS

**CLAIM ONE: The District Court failed to serve Plaintiff with its Order as required by the law denying Plaintiff's right to Notice and due process**

Defendant 2 denied Plaintiff's right to due process by providing a notice and opportunity to be heard. The "due process of law" requires that "the government provide a person notice and opportunity to be heard in connection with the deprivation of life, liberty or property." *Belton v. Singer*, No. 10-6462, 2011 WL 2690595, at *13 (D.N.J. July 8, 2011) (citing *Zappan v. Pennsylvania Board of Probation and Parole*, 152 Fed.Appx. 211, 220 (3d Cir. 2005)) ("The essential requirements of any procedural due process claim are notice and the opportunity to be heard.").

On May 26, 2021, the Trial Court issued its Findings and Order. On June 7, 2021, Plaintiff filed Notice of Appeal (**Exhibit 7A-7C**). On July 22, 2021, the District Court dismissed Plaintiff's appeal for untimely filing (**Exhibit 9A-9G**). On August 4, 2021, almost two weeks after the District Court issued its ruling, Plaintiff became aware for the first time of the Order to dismiss via an email from 18records (**Exhibit 10A-10B**).

The District Court failed to serve Plaintiff with the order to dismiss the appeal as required by Colorado law. Plaintiff has never been served with the July 22, 2021 Order.

9

On August 9, 2021, Ms. Shana Kloek, Clerk of the Court, Arapahoe County, confirmed in an email sent to Plaintiff that the July 22, 2021 Order has not been mailed to Plaintiff stating in an email sent on August 9, 2021, that "In this particular instance, it appears that the division did not mail a copy of the order to you" (**Exhibit 11A-11B**). See below email exchange between Plaintiff and Ms. Kloek.

> **Plaintiff (August 9, 2021, 9:35 AM):** "Ms. Kloek, it turns out that the district court issued a judgment on June 22, 2021, an order that I was never served with. I have not received anything from the district court regarding this judgment order. There is currently no problem with the US mail in my area, since I did receive a letter from the county court in Littleton regarding a different issue and that letter was received 2 days after it had been sent by the court. Unlike attorneys, pro se litigants rely on letters from the court. I am sure you are aware that being served timely and properly is critical for complying with court deadlines."
> **Ms. Kloek (August 9, 2021, 09:40 AM):** "Here is a copy of the order that was issued on July 22, 2021. You filed the case on June 22, 2021. Please let me know if that is not the order that you are referring to."
> **Plaintiff (August 9, 2021 9:43 AM):** "Sorry, the order I was not served with was issued by the district court on July 22, 2021 (not June 22, 2021)."
> **Ms. Kloek (August 9, 2021, 09:46:21 AM):** "Thank you. I believe you have what you requested now."
> **Plaintiff (August 9, 2021 9:53 AM):** Yes, but each time this happens I need to file for correction...and explain to the judge events that I am not responsible for.
> **Ms. Kloek (Mon, Aug 9 at 9:56 AM):** "In this particular instance, it appears that the division did not mail a copy of the order to you."

Failing to provide Notice to Plaintiff, the court violated C.A.R. 36 that provides that "the clerk must serve the order or opinion on all parties on the day it is entered." Defendant 2 denied all Plaintiff's requests to be properly served or extend the deadline for filing a Petition for Rehearing (pursuant to CAR 40) and other post-judgment motions for relief. The Court kept Plaintiff in the dark as to the reasons why Plaintiff has not been served with the order and the reason for refusal to extend the deadline. In fact, the Judge has

10

ignored all Plaintiff's motions failing to provided even one explanation pertinent to the denial of Plaintiff's right to Notice.

The District Court's ruling was in opposite to rulings made previously by the Supreme Court of Colorado that refusal to extend the deadline for filing a petition for rehearing due to failure of the clerk to mail copies of the opinion to parties constitutes abuse of discretion and violation of due process. See *Wiggins v. People*, 199 Colo. 341 (Colo. 1980) and *Brewster v. Nandrea*, 705 P.2d 1 (Colo. 1985).

The court's failure to provide service or extend the deadline for rehearing and other petitions for post-judgment relief seriously harmed Plaintiff giving him less than one day to file.

In *Taylor v. Taylor*, 85 Colo. 65, 66 (Colo. 1928), the court provided that "notice is jurisdictional", and must be filed as specified by the law. In *Weber v. Williams*, 137 Colo. 269, 277 (Colo. 1958), the Court ruled that "absence of legal service or authorized appearance is jurisdictional, and, without jurisdiction, no judgment whatever will be entered, nor rights acquired thereunder."

**CLAIM TWO: The District Court determined that the deficient Minute Order of April 7, 2021 lacking the relief component was final and appealable**

The District Court erred in its ruling of July 22, 2021 that the Minute Order issued by the trial Court on April 7, 2021 **(Exhibit 12)** was appealable, dismissing Plaintiff's appeal for untimely filing. The Minute order was deficient and non-appealable for failing to provide finality.

C.R.C.P. 58 (a) provides that "The term judgment includes an appealable decree or order as set forth in C.R.C.P. 54(a)." The Minute Order of April 7, 2021 stated that "the court finds Plaintiff was not able to meet burden by preponderance of the evidence and

11

case is dismissed **(Exhibit 12)**." The Minute Order stated who won the case, but failed to say what relief has been awarded.

In *Perkins v. Fed. Fruit & Produce Co.*, No. 11 CV 542 JAP/KBM, at *4 (D. Colo. Nov. 12, 2013), the Court held that "A judgment is a decree and any order from which appeal lies. Fed. R. Civ. P. 54(a)," and "A judgment must be a self-contained document, saying who has won and what relief has been awarded." *Taumoepeau v. Mfrs. & Traders Co.*, 523 F.3d 1213, 1217 n. 4 (10th Cir. 2008).

Furthermore, in *Otis v. Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994) (en banc) the court stated that "The judgment should be a self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion."

In *Luster v. Brinkman*, 250 P.3d 664, 667 (Colo. App. 2010), the Court cited *Blossom v. Milwaukee C.R. Co.*, 1 Wall. 655, 68 U.S. 655, 657, 17 L.Ed. 673 (1863), holding that "when assessing the appealability of a postjudgment order, the appropriate inquiry is whether the order is more than administrative or ministerial in that it affects rights or creates liabilities not previously resolved by the adjudication of the merits" and "the requirement that the order must be more than a ministerial or administrative determination ensures that the order affects rights or creates liabilities not previously resolved by the adjudication of the merits."

The Supreme Court of Colorado ruled that when a meaningful appeal cannot be guaranteed, "court must grant a trial de novo and the court has no discretion in the matter." In the same case, the Supreme Court further stressed that "where petitioner had been denied his right to a meaningful appeal and where only other remedy would be to

12

pursue a fruitless appeal and then petition supreme court for a writ of certiorari, *held*, under these circumstances, original proceeding in nature of mandamus to compel respondent court to hold a trial de novo was appropriate." See *Hawkins v. Superior Ct.*, 196 Colo. 86 (Colo. 1978). See also *Hoang v. People*, 323 P.3d 780, 788 (Colo. 2014); In re Griffin, 152 Colo. 347 (Colo. 1963). *People v. Rodriguez,* 914 P.2d 230, 300 (Colo.1996); *Hoang v. People*, 323 P.3d 780, 788 (Colo. 2014).

Likewise, Colorado Courts of Appeal have ruled that the right of a party to bring a meaningful appeal is part of the obligation for due process. See *Knoll v. Allstate Fire*, 216 P.3d 615 (Colo. App. 2009); *Allchurch v. Project Unicorn*, 33 Colo. App. 173, 176 (Colo. App. 1973); *Griffin v. Illinois,* 351 U.S. 12, 19, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Alfaro v. Industrial Claim Appeals Office*, 78 P.3d 1147, 1148 (Colo. App. 2003).

**CLAIM THREE: <u>The District Court denied Plaintiff's right to be heard, ruling over matters not legally within its cognizance and issuing orders against Plaintiff in the absence of Plaintiff</u>**

Courts are required to be fair and impartial, treat people with dignity, and carry out judicial duties in a humane manner. *Westin Operator, LLC v. Groh*, 347 P.3d 606, 615 n.6 (Colo. 2015). Defendant 2 has ordered two in-person hearings. Plaintiff has not been able to attend the hearings in person due to his inability to move due to severe pain. Plaintiff was diagnosed with herniated disc and severe spinal stenosis resulting in extreme pain **(Exhibits 13&14)**. Plaintiff requested on October 20, 2021 and on November 8, 2011 that due to debilitating pain, the in-person hearings ordered by the Court be held virtually or rescheduled. All Plaintiff's motions and emails to the clerk and the Defendant regarding his medical situation were filed ahead of the scheduled hearings. It appeared that Defendant 2 ignored the doctor's letters documenting the diagnosis, Plaintiff's

13

physical condition, MRI results and a recommendation to reschedule any activity. In his letter, Plaintiff's doctor asserted that:

> "Mr. Zipris is currently diagnosed with and suffering from a lumbar disc herniation with radicular pain into his legs. This has resulted in severe pain and very limited mobility. Ambulating requires great exertion and results in significant pain" (**Exhibit 14**).

The doctor further recommended that

> "it would be in his best interest to reschedule any activity that requires travel or ambulation for any more than very short distances until his current medical condition has improved" (**Exhibit 14**).

On October 28, 2021, Defendant 2 denied Plaintiff's motion to hold a virtual hearing or reschedule, dismissing the medical report and recommendation from his doctor as being "self-serving statement" further arguing that holding a virtual hearing is "cumbersome (**Exhibit 15**)." On October 28, 2021, Plaintiff provided a new letter from his doctor with additional information and a recommendation (**Exhibit 14**) that was denied. On October 29, 2021, the District Court awarded the Defendant attorney fees in the absence of Plaintiff (**Exhibit 16A-16B**). Defendant 2 ignored the doctor's report and Plaintiff's motion to hold a virtual heating or reschedule and on November 19, 2021 ruled to enjoin Plaintiff in his absence (**Exhibit 17A-17C**).

On October 29, 2021, pursuant to instructions provided by 18selfhelp (**Exhibit 18A-18B**), Plaintiff informed the Court via an email sent to the Division's Clerk that due to his medical condition he will not be able to appear at the court. The response Plaintiff received from the clerk was "Thank you. I will pass along to Judge Martinez." Plaintiff also filed a motion on the same day that due to COVID symptoms and pursuant to CHIEF JUDGE ORDER 21-02 REGARDING COURT OPERATIONS UNDER THE NOVEL CORONAVIRUS ADVISORY, Plaintiff will not be able to appear at the hearing. On

14

November 4, 2021, Defendant 2 denied Plaintiff's motion stating that "The Court does not accept ex parte email correspondence which is also unattested. Therefore, the basis of this Motion is without merit."

Fed.R.Civ.P. 37 and Colo.R.Civ.P.37 provide that the court may impose sanctions against litigants who fail to act on Court's Orders unless the court finds that "the failure was substantially justified or other circumstances make an award of expenses unjust."

It appeared that Defendant 2 has completely ignored the doctor's recommendation. Defendant 2 has not determined that there are problems with the doctor's letters or that Plaintiff's inability to appear at the court was unjustified. The Court has not requested any medical information in addition to what has been provided by Plaintiff. Clearly, Defendant 2 ruled over medical matters *per se* it did not have any legal authority to rule on. The court's ruling to dismiss the medical recommendation made by Plaintiff's doctor was unreasonable, inhumane and unfair exceeding "the bounds of the rationally available choices." See *People v. Salazar*, 272 P.3d 1067, 1071 (Colo. 2012); *Big Sky Network Can., Ltd. v. Sichuan Provincial Gov't,*533 F. 3d 1183, 1186 (10th Cir.2008). Furthermore, in denying Plaintiff's motions to hold virtual hearing or reschedule due to Plaintiff's medical condition, Defendant 2 exercised "jurisdiction over matters not legally within its cognizance". See *Fatir v. State*, 245 A.3d 498 (Del. 2021).

The District Court's rulings were manifestly arbitrary, unfair, and unreasonable constituting abuse of discretion. See *Spahmer v. Gullette*, 113 P.3d 158, 161 (Colo. 2005). In *People v. Salazar*, 272 P.3d 1067, 1071 (Colo. 2012) the court determined that this Court reviews court's rulings for abuse of discretion when they are

"manifestly arbitrary, unreasonable, or unfair." See also *People v. Harris,* 43 P.3d 221, 225 (Colo.2002) and *People v. Hoskins,* 333 P.3d 828, 834 (Colo. 2014).

## VI.
## PLANITIFF'S PROPERTY INTEREST IN THIS CASE IS GUARANTEED UNDER A COLORADO LAW AFFIRMED BY THE SUPREME COURT OF COLORADO

The Fourteenth Amendment Due Process Clause states that "No state shall . . . deprive any person of life, liberty, or property, without due process of law." Furthermore, Section 25 of the Colorado Bill of Rights states that "No person shall be deprived of life, liberty or property, without due process of law."

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). Furthermore, "For purposes of a § 1983 action, whether a property interest exists is dependent on state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976)." *Shields v. Shetler,* 682 F. Supp. 1172, 1175 (D. Colo. 1988).

In *Pulte Home Corp. v. Montgomery Cnty* (909 F.3d 685, 691-92, 4th Cir. 2018), the court asserted that to succeed on a due process claim one "must first show that it had a constitutional property interest and that the state deprived it of that interest. *Quinn v. Bd. of Cty. Comm'rs,* 862 F.3d 433, 443 (4th Cir. 2017).

In *Hillside Comm. Church v. Olson,* 58 P.3d 1021, 1025 (Colo. 2002), the Supreme Court of Colorado asserted that "what constitutes a legitimate claim... is determined not by the Constitution, but largely by state law. Once the state has legislatively created a certain entitlement and a person can demonstrate a legitimate claim to that entitlement,

16

only then is the Fourteenth Amendment implicated to ensure that the person is not deprived of her entitlement absent due process of law."

Plaintiff had a constitutional property interest. Plaintiff brought his lawsuit against BBVA under C.R.S. 18-4-405 (2016), which provides that "all property, whether obtained illegally or in good faith, should be restored to the owner" (see below C.R.S. 18-4-405), thus bringing a legitimate claim for his stolen funds.

**C.R.S. 18-4-405 (2016) – Rights in Stolen Property**
"All property obtained by theft, robbery, or burglary shall be restored to the owner, and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his right to such property. The owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property. In any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees; but monetary damages and attorney fees shall not be recoverable from a good-faith purchaser or good-faith holder of the property."

Furthermore, in *Itin v. Ungar*, 17 P.3d 129, 134 (Colo. 2000), the Supreme Court of Colorado affirmed C.R.S. 18-4-405 (Rights in Stolen Property) invoking this rule against the defendant awarding Plaintiff treble damages, attorney fees, and costs under the Rights in Stolen Property statute. Unlike the argument brought up by the Court in the Findings and Order of May 26, 2021 that "The evidence presented to this Court during trial showed that the criminal case against Ms. Villegas had not yet been resolved by plea or trial", the Supreme Court has determined in the above case that C.R.S. 18-4-405 requires proof of a specified criminal act but not proof of a conviction as stated by the Court and shown below.

"The General Assembly intended the Rights in Stolen Property statute to provide an owner with a private remedy against the taker that requires proof of a specified criminal act but not proof

17

of a prior criminal conviction to recover treble damages, fees, and costs" *Itin v. Ungar*, 17 P.3d 129, 134 (Colo. 2000).

# VII.
# REQUEST FOR RELIEF

1.    Dismissal of the Small Claims Court orders of April 7, 2021, and May 26, 2021 for both concealing the intent to redact from Plaintiff and suppressing relevant evidence.

2.    Dismissal of the Small Claims Court orders of April 7, 2021 and May 26, 2021 for issuing a Judgment based on a distorted claim Plaintiff has not made.

3.    Dismissal of the May 26, 2021 Order on attorney fees that was based on an inadequate and flawed determination process.

4.    Dismissal of the Small Claims Court orders of April 7, 2021 and May 26, 2021 for invoking the economy to justify the dismissal of Plaintiff's case.

5.    Dismissal of the District Court's Order of July 22, 2021 for failing to provide service of process to Plaintiff resulting in lack of jurisdiction.

6.    Dismissal of the District Court's Order of July 22, 2021 for determining that the deficient April 7, 2021 Minute Order was final and appealable.

7.    Dismissal of the District Court's Order of October 29, 2021 and November 19, 2021 for issuing Orders in the absence of Plaintiff.

8.    Order the County Court to return the Appeal Bond to Plaintiff.

9.    Order the Arapahoe County Court and the District Court to reimburse Plaintiff for the costs of the actions brought in the Arapahoe Small Claims Court, the District Court, and The United States District Court, District of Colorado.

18

10.    Recuse Defendant 1 and Defendant 2 from Plaintiff's case for blatant bias against

Plaintiff.

# EXHIBITS

**Exhibit 1A**

# $846.04

## To +1 (619) 613-7858
## 2/18/20, 9:08 AM

**Status: Completed**

Sent to +1 (619) 613-7858

| | |
|---|---|
| From Apple Cash | $1.00 |
| From Chase Debit Card | $845.04 |
| **Sent** | **$846.04** |

Send Again

Transaction ID
095827e31ee1

1

**Exhibit 1B**

# $343.83

To +1 (619) 613-7858

2/18/20, 1:57 PM

**Status:  Completed**

Sent to +1 (619) 613-7858

| | |
|---|---|
| From Apple Cash | $0.00 |
| From Chase Debit Card | $343.83 |
| **Sent** | **$343.83** |

Send Again

Transaction ID
41caa87a7781

**Exhibit 1C**

**CHASE ○**

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

February 20, 2020 through March 17, 2020

Account Number: ▮▮▮▮▮▮▮5380



00069876 DRE 501 141 07820 NNNNNNNNNNN T  1 000000000 12 0000
DANNY ZIPRIS
1818 S QUEBEC WAY APT 11-6
DENVER CO 80231-5616

### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | Chase.com |
| Service Center: | 1-800-935-9935 |
| Deaf and Hard of Hearing: | 1-800-242-7383 |
| Para Espanol: | 1-877-312-4273 |
| International Calls: | 1-713-262-1679 |

## CHECKING SUMMARY | Chase Total Checking

| | AMOUNT |
|---|---|
| Beginning Balance | ▮▮▮▮ |
| Deposits and Additions | ▮▮▮▮ |
| ATM & Debit Card Withdrawals | ▮▮▮▮ |
| Electronic Withdrawals | ▮▮▮▮ |
| Ending Balance | ▮▮▮▮ |

## DEPOSITS AND ADDITIONS



| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 02/21 | ▮▮▮▮▮▮▮ | ▮▮ |
| 02/21 | ▮▮▮▮▮▮▮ | ▮▮ |
| 02/26 | ▮▮▮▮▮▮▮ | ▮▮ |
| 03/04 | ▮▮▮▮▮▮▮ | ▮▮ |
| 03/10 | ▮▮▮▮▮▮▮ | ▮▮ |
| 03/10 | ▮▮▮▮▮▮▮ | ▮▮ |
| 03/11 | ▮▮▮▮▮▮▮ | ▮▮ |
| 03/13 | ▮▮▮▮▮▮▮ | ▮▮ |
| 03/16 | ▮▮▮▮▮▮▮ | ▮▮ |
| **Total Deposits and Additions** | | ▮▮▮▮ |

## ATM & DEBIT CARD WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 02/20 | Payment Sent | 02/19 Apple Cash 877-233-8552 CA Card 9404 | $845.04 |
| 02/20 | Payment Sent | 02/19 Apple Cash 877-233-8552 CA Card 9404 | 343.83 |
| 03/10 | ▮▮▮▮▮▮▮ | ▮▮ |
| 03/13 | ▮▮▮▮▮▮▮ | ▮▮ |
| **Total ATM & Debit Card Withdrawals** | | ▮▮▮ |

Page 1 of 2

3

» SearchDenver County Court    https://www.denvercountycourt.org/search

## Exhibit 2A

**COVID-19: P**LEASE SEE **IMPORTANT** INFORMATION FOR D**ENVER** C**OUNTY** C**OURT** OPERATIONS **HERE**
F**OLLOW** D**ENVER** C**OUNTY** C**OURT** ON **FACEBOOK & TWITTER** FOR ADDITIONAL UPDATES RELATED TO COVID-19

**VIRTUAL COURT:** D**ENVER** C**OUNTY** C**OURT** IS HOLDING **ALL** *(JURY TRIALS WILL BE HEARD IN-PERSON) APPEARANCES BY VIDEO OR PHONE **CLICK HERE** FOR MORE INFORMATION.

M**ISSED** Y**OUR** C**OURT** D**ATE?** C**ONTACT** U**S**

## Search by Case Number

Search cases by case number or AB number.

## Name: VILLEGAS, JENEVIEVE    |    Case Number: 20M03049

This case is not payable online because not every charge has a disposition.

### Case Information

| Status | Case Type | Violation Date | Date Filed | Courtroom |
|---|---|---|---|---|
| OPEN | THEFT | 02/16/2020 | 05/01/2020 4:10 PM | 3D |
| Pay Amount: | $0.00 | | | |
| Location: | DCCCity | | | |
| AB Number: | 202015197 | GO Number: | 2020108614 | |

### Party Information

| Party Type | Last Name | First Name | MI | Suffix | DOB | Party Status |
|---|---|---|---|---|---|---|
| DEFENDANT | VILLEGAS | JENEVIEVE | M | | 01/14/1985 | |
| Race | Hair | Weight | Height | Eyes | Eyeglasses | |
| WHITE | BLACK | 143 | 502 | BROWN | | |
| | Attorney Number | Attorney Name | | | | |
| | 99999 | PUBLIC DEFENDERS OFFICE | | | | |

### Violation Information

| Violations | Description | Points | Disposition | Class Code |
|---|---|---|---|---|
| 18-4-401(1),(2)(e) | THEFT-$750-$2,000 | 0 | | M1 |

### Bond Information

| Bond Type: | | Bond No: 591199 |
|---|---|---|
| Surety Name: JENEVIEVE M VILLEGAS | | Arrest No: |
| Power No: | | Insurance Co: |

| Bond Date | Action Code | Amount SOE Date | Rel to Party |
|---|---|---|---|
| 05/01/2020 7:18 AM | POSTED | $0.00 | |
| 07/01/2020 1:00 PM | BOND RELEASED | $0.00 | |

### Fines and Costs Information

| Description | Imposed | Suspended | CCWP/CTS | Paid | Due |
|---|---|---|---|---|---|

4

1 of 2    10/1/20, 9:51 AM

» SearchDenver County Court                                    https://www.denvercountycourt.org/search

## Exhibit 2B

| | | | | | |
|---|---|---|---|---|---|
| WARRANT FEE (CR) | 50.00 | 50.00 | 0.00 | 0.00 | 0.00 |
| Totals: | $50.00 | $50.00 | $0.00 | $0.00 | $0.00 |

## Action Information

| Date | Action | Judicial Officer | Crtrm | Dispo | Amount |
|---|---|---|---|---|---|
| 01/07/2021 8:15 AM | JURY TRIAL | LOMBARDI | 3D | | |
| 12/30/2020 10:00 AM | PRE-TRIAL CONFERENCE | LOMBARDI | 3D | | |
| 10/27/2020 8:30 AM | DISPOSITION/RESET DATE | LOMBARDI | 3D | | |
| 09/21/2020 8:30 AM | PLEA AND SETTING HEARING | LOMBARDI | 3D | NOT GUILTY PLEA SET NEW DATE | |
| 09/21/2020 12:00 AM | SPEEDY TRIAL STARTS | | | SET NEW COURT DATE | |
| 09/01/2020 8:30 AM | PLEA AND SETTING HEARING | LOMBARDI | 3D | CONTINUE BY DEFENDANT | |
| 08/05/2020 11:17 AM | MOTION FILED | | 160 | | |
| 08/03/2020 8:30 AM | PLEA AND SETTING HEARING | LOMBARDI | 3D | CONTINUE BY DEFENDANT | |
| 08/03/2020 8:30 AM | PUBLIC DEFENDER APPOINTED | | 3D | | |
| 07/02/2020 1:00 PM | WARRANT CANCELLATION ORDERED | | 4F | WARRANT CANCELED | |
| 07/02/2020 1:00 PM | WARRANT HEARING | CHERRY | 4F | HEARING HELD | |
| 07/01/2020 1:01 PM | FAIL TO APPEAR PR BOND GRANTED | | 4F | WARRANT ISSUED | |
| 07/01/2020 1:00 PM | BOND RETURN DATE | CHERRY | 4F | FAILED TO APPEAR (FTA) | |
| 05/06/2020 2:06 PM | MISC. CORRESPONDENCE | | 4F | | |
| 05/01/2020 4:10 PM | NOTICE TO SERVE | | | | |
| 05/01/2020 4:10 PM | CASE ENTERED | | | | |
| 05/01/2020 9:30 AM | 1ST ADVISEMENT | | 2100 | VACATE COURT DATE | |
| 04/30/2020 10:21 PM | DENVER CITY JAIL IN CUSTODY | | | | |
| 04/30/2020 9:35 PM | PRE-CASE ENTERED | | | | |

2 of 2                                                                              10/1/20, 9:51 AM

**Exhibit 2C**

**COVID-19: PLEASE SEE IMPORTANT INFORMATION FOR DENVER COUNTY COURT OPERATIONS HERE**
FOLLOW DENVER COUNTY COURT ON **FACEBOOK & TWITTER** FOR ADDITIONAL UPDATES RELATED TO COVID-19

**VIRTUAL COURT:** DENVER COUNTY COURT IS HOLDING **ALL** *(JURY TRIALS WILL BE HEARD IN-PERSON)* APPEARANCES BY VIDEO OR PHONE **CLICK HERE** FOR MORE INFORMATION.

**MISSED YOUR COURT DATE? CONTACT US**

## Search by Case Number

Search cases by case number or AB number.

## Name: VILLEGAS, JENEVIEVE    |    Case Number: 19CR01757

Case has been Closed

### Case Information

| Status | Case Type | Violation Date | Date Filed | Courtroom |
|---|---|---|---|---|
| BOUND OVER | THEFT | 07/26/2018 | 03/07/2019 7:35 AM | 5A |
| Pay Amount: | $0.00 | | | |
| Location: | DENVER CO | | | |
| AB Number: | | GO Number: | | |

### Party Information

| Party Type | Last Name | First Name | MI | Suffix | DOB | Party Status |
|---|---|---|---|---|---|---|
| DEFENDANT | VILLEGAS | JENEVIEVE | M | | 01/14/1985 | |
| Race | Hair | Weight | Height | Eyes | Eyeglasses | |
| | | | | | | |
| | Attorney Number | Attorney Name | | | | |

### Violation Information

| Violations | Description | Points | Disposition | Class Code |
|---|---|---|---|---|
| 18-4-401(1),(2)(g) | THEFT-$5,000-$20,000 | 0 | | F5 |
| 18-4-401(1),(2)(g) | THEFT-$5,000-$20,000 | 0 | | F5 |
| 18-4-401(1),(2)(g) | THEFT-$5,000-$20,000 | 0 | | F5 |
| 18-5.5-102(1)(b),(3)(a)(VI) | COMPUTER CRIME-SCHEME/DEFRAUD-$5K-$20K | | | F5 |
| 18-5.5-102(1)(b),(3)(a)(VI) | COMPUTER CRIME-SCHEME/DEFRAUD-$5K-$20K | | | F5 |
| 18-5.5-102(1)(b),(3)(a)(VI) | COMPUTER CRIME-SCHEME/DEFRAUD-$5K-$20K | | | F5 |

### Bond Information

| | |
|---|---|
| Bond Type: | Bond No: 591218 |
| Surety Name: JENEVIEVE M VILLEGAS | Arrest No: |
| Power No: | Insurance Co: |

6

10/1/20, 9:47 AM

## Exhibit 2D

| Bond Date | Action Code | Amount SOE Date | Rel to Party |
|---|---|---|---|
| 05/01/2020 12:35 PM | POSTED | $0.00 | |

### Sentence Information

| Date | Description | | | Value | Units | Due Date | Status |
|---|---|---|---|---|---|---|---|
| 05/01/2020 | PTS ENHANCED SUPERVISION | | | | | | |
| | 1 | RELEASE TO PRETRIAL SERVICE | | 0 | | | |

### Action Information

| Date | Action | Judicial Officer | Crtrm | Dispo | Amount |
|---|---|---|---|---|---|
| 09/03/2020 8:30 AM | ARRAIGNMENT | GILMAN | 5A | | |
| 07/27/2020 8:30 AM | PRELIMINARY / DISPO HEARING | SIMONET | 4C | BND OVER DC NO PH ENTITLEMENT | |
| 06/18/2020 9:00 AM | 2ND ADVISEMENT | MALONE | 2300 | DEFENDANT ADVISED | |
| 05/01/2020 2:17 PM | WAIVER OF EXTRADITION | | 2300 | | |
| 05/01/2020 2:13 PM | PO/BOND TRANSF TO CASE FILED | | 2300 | | |
| 05/01/2020 12:11 PM | AUTO ELECT OF REPRESENTATION | | 2300 | | |
| 05/01/2020 10:30 AM | 1ST ADVISEMENT | BECKMAN | 2300 | DEFENDANT ADVISED | |
| 05/01/2020 10:30 AM | PR BOND AUTHORIZED | | 2300 | | |
| 03/15/2019 10:36 AM | ENDORSED LIST OF WITNESSES | | 160 | | |
| 03/07/2019 7:36 AM | AT LARGE WARRANT FILED | | | | |
| 03/07/2019 7:36 AM | ICJ FILE SCANNED | | | | |
| 03/07/2019 7:35 AM | CASE ENTERED | | | | |
| 03/06/2019 4:32 PM | NO BOND ALLOWED | | | | |

7

» SearchDenver County Court                                      https://www.denvercountycourt.org/search

## Exhibit 2E

**COVID-19: PLEASE SEE IMPORTANT INFORMATION FOR DENVER COUNTY COURT OPERATIONS
HERE**
FOLLOW DENVER COUNTY COURT ON **FACEBOOK & TWITTER** FOR ADDITIONAL UPDATES RELATED TO
COVID-19

**VIRTUAL COURT:** DENVER COUNTY COURT IS HOLDING **ALL** *(JURY TRIALS WILL BE HEARD IN-PERSON)
APPEARANCES BY VIDEO OR PHONE **CLICK HERE** FOR MORE INFORMATION.

**MISSED YOUR COURT DATE? CONTACT US**

## Search by Case Number

Search cases by case number or AB number.

## Name: VILLEGAS, JENEVIEVE  |  Case Number: 20CR02773

Case has been Closed

## Case Information

| Status | Case Type | Violation Date | Date Filed | Courtroom |
|---|---|---|---|---|
| BOUND OVER | THEFT | 03/14/2018 | 05/04/2020 9:02 AM | 4H |
| Pay Amount: | $0.00 | | | |
| Location: | DENVER CO | | | |
| AB Number: | 202015200 | GO Number: | 2018231980 | |

## Party Information

| Party Type | Last Name | First Name | MI | Suffix | DOB | Party Status |
|---|---|---|---|---|---|---|
| DEFENDANT | VILLEGAS | JENEVIEVE | M | | 01/14/1985 | |
| Race | Hair | Weight | Height | Eyes | Eyeglasses | |
| WHITE | BLACK | 143 | 502 | BROWN | | |
| | Attorney Number | Attorney Name | | | | |
| | 99999 | PUBLIC DEFENDERS OFFICE | | | | |

## Violation Information

| Violations | Description | Points | Disposition | Class Code |
|---|---|---|---|---|
| 18-4-401(1),(2)(f) | THEFT-$2,000-$5,000 | 0 | | F6 |
| 18-4-401(1),(2)(e) | THEFT-$750-$2,000 | 0 | | M1 |

## Bond Information

| Bond Type: | | Bond No: 591217 |
|---|---|---|
| Surety Name: JENEVIEVE M VILLEGAS | | Arrest No: |
| Power No: | | Insurance Co: |

| Bond Date | Action Code | Amount SOE Date | Rel to Party |
|---|---|---|---|
| 05/01/2020 12:33 PM | POSTED | $0.00 | |

## Sentence Information

| Date | Description | | Value | Units | Due Date | Status |
|---|---|---|---|---|---|---|

8

1 of 2                                                                    10/1/20, 9:50 AM

**Exhibit 2F**

| 05/01/2020 | PTS ENHANCED SUPERVISION | | |
|---|---|---|---|
| 1 | RELEASE TO PRETRIAL SERVICE | 0 | |

## Action Information

| Date | Action | Judicial Officer | Crtrm | Dispo | Amount |
|---|---|---|---|---|---|
| 09/21/2020 8:30 AM | ARRAIGNMENT | MADDEN IV | 4H | | |
| 07/22/2020 1:49 PM | PUBLIC DEFENDER APPOINTED | | 4C | | |
| 07/22/2020 8:30 AM | PRELIMINARY / DISPO HEARING | SIMONET | 4C | BND OVER DC NO PH ENTITLEMENT | |
| 06/18/2020 9:00 AM | 2ND ADVISEMENT | MALONE | 2300 | DEFENDANT ADVISED | |
| 05/05/2020 1:22 PM | ENDORSED LIST OF WITNESSES | | 4C | | |
| 05/04/2020 9:02 AM | CASE ENTERED | | | | |
| 05/01/2020 2:17 PM | WAIVER OF EXTRADITION | | 2300 | | |
| 05/01/2020 2:13 PM | PO/BOND TRANSF TO CASE FILED | | 2300 | | |
| 05/01/2020 1:30 PM | 1ST ADVISEMENT | | 2300 | VACATE COURT DATE | |
| 05/01/2020 12:11 PM | AUTO ELECT OF REPRESENTATION | | 2300 | | |
| 05/01/2020 10:30 AM | 1ST ADVISEMENT | BECKMAN | 2300 | DEFENDANT ADVISED | |
| 05/01/2020 10:30 AM | PR BOND AUTHORIZED | | 2300 | | |
| 04/30/2020 10:21 PM | DENVER CITY JAIL IN CUSTODY | | | | |
| 04/30/2020 9:40 PM | PRE-CASE ENTERED | | | | |

**Exhibit 2G**



| District Court, City and County of Denver, Colorado<br>Lindsey-Flanigan Courthouse, Room 135<br>520 W. Colfax Ave.<br>Denver, CO 80204 | DATE FILED: February 17, 2021 4:06 PM |
|---|---|
| Plaintiff:  The People of the State of Colorado<br><br>Defendant:  **JENEVIEVE MARIE VILLEGAS<br>(DOB 01/14/1985)** | |
| Danielle R Sexton, Reg. No. 42278<br>Senior Deputy District Attorney<br>For:  Beth McCann, Reg. No. 5834<br>District Attorney<br>201 W. Colfax Ave. Dept. 801<br>Denver, CO 80202<br>Phone Number: 720-913-9000<br>Fax Number: 720-913-9035 | ▲  COURT USE ONLY  ▲ |
| | Case Number:  19CR01757<br><br>Div: Criminal Ctrm 5A |

| THE DEFENDANT'S REQUEST TO PLEAD GUILTY<br>(CRIM. P. RULE 11 GUILTY PLEA ADVISEMENT) |
|---|

This document represents my desire to plead guilty. I know that I have the right to remain silent, that I do not have to make this request, and anything I write or say may be used against me. Knowing that, I swear or affirm that I have read and understand everything in this and all of the documents I have submitted in this case. I understand all of the rights that I am giving up by pleading guilty.

Initial:



_JV_____  1. I am **36** years old. I have completed _11_____ years of school. At this time my mental and physical health is satisfactory. I am thinking clearly. My decision to plead guilty is not being affected in any way by alcohol, drugs, or medication.

__JV___  2. I understand what is happening in this Courtroom today. I read, speak, and understand the English language, or all of the documents and proceedings in this matter have been fully explained to me in a language that I understand.

__JV____  3. I understand that if I am not a citizen of the United Sates, this guilty plea will cause deportation, exclusion from admission to the United States, or denial of naturalization, or other immigration consequences.

Page 1 of 12

**Exhibit 2H**

<div style="border:1px solid black; text-align:center;">

# PLEA AGREEMENT

</div>

Below is the complete and accurate agreement between the People of the State of Colorado, as represented by the prosecutor, and the above-named Defendant, as represented by her attorney. All concessions and stipulations are fully set forth herein.

1.      The Defendant will enter a plea of **GUILTY** to the charge of:

<u>**COUNT SEVEN: THEFT, 18-4-401(1),(2)(g), C.R.S. (F5) {08A14}**</u>

2.      In exchange for the above guilty plea, The People will dismiss **COUNTS ONE, TWO, THREE, FOUR, FIVE AND SIX**, after the Court accepts the above guilty plea and any agreement(s) of the parties.

3.      The People and the Defendant have agreed and stipulated to the following concession(s) (all concessions are set forth herein): **naming victims from 20CR2773 + STIP PROBATION + CONCURRENT TO 20CR6623 AND 20CR7224 + RESTITUTION (including victims from 20CR2773) AND DMDA 20CR2773.**

I swear or affirm that I have read and understand this entire document, and every representation I have made is true.

__*/s/ Jenevieve Villegas*_____          Date: ___2/16/21_____
Defendant:  JENEVIEVE MARIE VILLEGAS

As defense counsel, I affirm that the above-named Defendant has executed the foregoing "The Defendant's Request to Plead Guilty (Crim. P. Rule 11 Guilty Plea Advisement)." As defense counsel I have thoroughly reviewed this document with the Defendant in regard to the entry of this guilty plea.

_*/s/ John R. Wetli*_____          Date: _2/16/21_____
Defense Counsel:  John Wetli, Reg. No. 42973

____*/s/ Danielle Sexton*_____          Date: ___2/17/21_____
Danielle R Sexton, Reg. No. 42278
Senior Deputy District Attorney

**Exhibit 2I**

<center>

ELEMENTS
THEFT $5,000 - $20,000
CLASS 5 FELONY 18-4-401(1)(2)(g), C.R.S. [08A14]

</center>

The following are the essential elements of the charge on which you are entering a guilty plea. At a trial the prosecution would have to prove each of these elements beyond a reasonable doubt.

1. That this crime was committed by you, JENEVIEVE VILLEGAS. It was not committed by someone who just used your name or may have looked like you, but that it was actually you who committed this crime.

2. That the crime occurred between and including approximately April 29, 2018 and November 5, 2018.

3. That the crime occurred in the City and County of Denver, State of Colorado.

4. That the crime was committed unlawfully. Unlawfully means that there was no legal permission, justification, authorization or excuse for the commission of the crime.

5. That the crime occurred feloniously. Feloniously means that this charge is a felony in the State of Colorado. There is a possible penalty of a sentence to the Department of Corrections.

6. That you committed the crime with a certain mental state called "knowingly" and "intentionally".
   **"Knowingly"** is defined as follows: a person acts **"knowingly"** or **"willfully"** with respect to conduct or to a circumstance described by a statute defining an offense when he/she is aware that his/her conduct is of such nature or that such circumstance exists. A person acts **"knowingly"** or **"willfully"** with respect to a result of his/her conduct, when he/she is aware that his/her conduct is practically certain to cause the result.
   **"Intentionally"** is defined as follows: a person acts "intentionally" or "with intent" when his/her conscious objective is to cause the specific result proscribed by the statute defining the offense. It is immaterial to the issue of specific intent whether or not that result actually occurred.

7. That you knowingly, obtained or exercised control over or knowing or believing it to have been stolen, received, loaned money by pawn or pledge on, or disposed of anything of value, to-wit: US CURRENCY.

8. Which was the property of TOLO ARIA, NICHOLAS LOVERIDGE, CHRISTOPHER BYNUM, CARRIE ANDERSEN and DANIELLE THOMPSON.

9. Without authorization or by threat or deception, and

   ___X___ You, intended to deprive the victim permanently of its use or benefit; in violation of section 18-4-401(1)(a),(2)(c), C.R.S.

   _____ You, by threat or deception, and knowingly used, concealed, or abandoned the thing of value in such manner as to permanently deprive victim of its use or benefit; in violation of section 18-4-401(1)(b),(2)(c), C.R.S.

<div align="right">Page 11 of 12</div>

<center>12</center>

**Exhibit 2J**

——————    You, by threat or deception, and used, concealed or abandoned the thing of value intending that such use, concealment, or abandonment would deprive victim permanently of its use or benefit; in violation of section 18-4-401(1)(c),(2)(c), C.R.S.

——————    You, demanded consideration to which the defendant was not legally entitled as a condition of restoring the thing of value to victim; in violation of section 18-4-401(1)(d),(2)(c), C.R.S.

——————    You, knowingly retained the thing of value more than seventy-two hours after the agree-upon time of return in a lease or hire agreement in violation of section 18-4-401(1)(e), (2)(c)

10.    The aggregate value of the thing(s) of value is five thousand dollars ($5000.00) or more but less than twenty thousand dollars ($20,000.00).

"**Thing of Value**" means real property, tangible and intangible personal property, contract rights, choses in actions, services, confidential information, medical records information, and any rights of use or enjoyment connected therewith.

I have read and understand each of the above elements of the charge, Theft, a Class 5 Felony. I understand I am entering a plea of Guilty to Theft, a Class 5 Felony.

_/s/ Jenevieve Villegas_____    /s/ John R. Wetli_____    _2/16/21_____
Defendant                      Attorney for Defendant                    Date

**Exhibit 2K**



| District Court, City and County of Denver, Colorado<br>Lindsey-Flanigan Courthouse, Room 135<br>520 W. Colfax Ave.<br>Denver, CO 80204 | DATE FILED. February 17, 2021 4.26 PM |
|---|---|
| Plaintiff:    The People of the State of Colorado<br><br>Defendant:   **JENEVIEVE M VILLEGAS**<br>                   **(DOB 01/14/1985)** | |
| Danielle R Sexton, Reg. No. 42278<br>Senior Deputy District Attorney<br>For:  Beth McCann, Reg. No. 5834<br>District Attorney<br>201 W. Colfax Ave. Dept. 801<br>Denver, CO 80202<br>Phone Number: 720-913-9000<br>Fax Number: 720-913-9035 | ▲  COURT USE ONLY  ▲<br><br>Case Number:  20CR07224<br><br>Div: Criminal Ctrm 5A |
| **THE DEFENDANT'S REQUEST TO PLEAD GUILTY**<br>**(CRIM. P. RULE 11 GUILTY PLEA ADVISEMENT)** | |

This document represents my desire to plead guilty.  I know that I have the right to remain silent, that I do not have to make this request, and anything I write or say may be used against me.  Knowing that, I swear or affirm that I have read and understand everything in this and all of the documents I have submitted in this case.  I understand all of the rights that I am giving up by pleading guilty.

Initial:
__JV____  1. I am **36** years old.  I have completed __**11ᵗʰ grade**____ years of school.  At this time my mental and physical health is satisfactory.  I am thinking clearly.  My decision to plead guilty is not being affected in any way by alcohol, drugs, or medication.

JV_____  2. I understand what is happening in this Courtroom today.  I read, speak, and understand the English language, or all of the documents and proceedings in this matter have been fully explained to me in a language that I understand.

__JV____  3. I understand that if I am not a citizen of the United Sates, this guilty plea will cause deportation, exclusion from admission to the United States, or denial of naturalization, or other immigration consequences.

Page 1 of 12

14

**Exhibit 2L**

---

# PLEA AGREEMENT

---

Below is the complete and accurate agreement between the People of the State of Colorado, as represented by the prosecutor, and the above-named Defendant, as represented by her attorney. All concessions and stipulations are fully set forth herein.

1.    The Defendant will enter a plea of **GUILTY** to the charge of:

**COUNT THREE:  THEFT, 18-4-401(1),(2)(f), C.R.S. (F6) {08A13}**

2.    In exchange for the above guilty plea, The People will dismiss **COUNTS ONE and TWO**, after the Court accepts the above guilty plea and any agreement(s) of the parties.

3.    The People and the Defendant have agreed and stipulated to the following concession(s) (all concessions are set forth herein):  **Stip Probation CC with 19CR1757 and 20CR6635 + RESTITUTION + dismiss 20CR2773**

I swear or affirm that I have read and understand this entire document, and every representation I have made is true.

_/s/ Jenevieve Villegas_____       Date: _2/16/21_____
Defendant:  JENEVIEVE M VILLEGAS

As defense counsel, I affirm that the above-named Defendant has executed the foregoing "The Defendant's Request to Plead Guilty (Crim. P. Rule 11 Guilty Plea Advisement)." As defense counsel I have thoroughly reviewed this document with the Defendant in regard to the entry of this guilty plea.

_/s/ John R. Wetli_____       Date: _2/16/21_____
Defense Counsel:  John R Wetli, Reg. No. 42973

___/s/ Danielle Sexton_____       Date: __2/17/21_____
Danielle R Sexton, Reg. No. 42278
Senior Deputy District Attorney

**Exhibit 2M**

_____     You, by threat or deception, and used, concealed or abandoned the thing of value intending that such use, concealment, or abandonment would deprive victim permanently of its use or benefit; in violation of section 18-4-401(1)(c),(2)(c), C.R.S.

_____     You, demanded consideration to which the defendant was not legally entitled as a condition of restoring the thing of value to victim; in violation of section 18-4-401(1)(d),(2)(c), C.R.S.

_____     You, knowingly retained the thing of value more than seventy-two hours after the agree-upon time of return in a lease or hire agreement in violation of section 18-4-401(1)(e), (2)(c)

10.     The aggregate value of the thing(s) of value is two thousand dollars or more but less than five thousand dollars.

"**Thing of Value**" means real property, tangible and intangible personal property, contract rights, choses in actions, services, confidential information, medical records information, and any rights of use or enjoyment connected therewith.

I have read and understand each of the above elements of the charge, Theft, a Class 6 Felony. I understand I am entering a plea of Guilty to Theft, a Class 6 Felony.

_/s/ Jenevieve Villegas_____     __/s/ John R. Wetli_____ ·     ____2/16/21_____
Defendant                                     Attorney for Defendant                 Date

**Exhibit 3A**

| | |
|---|---|
| County Court, City and County of Denver, Colorado<br>Lindsey-Flanigan Courthouse, Room 160<br>520 W. Colfax Ave.<br>Denver, CO 80204 | |
| Plaintiff:     The People of the State of Colorado<br><br>Defendant:   **JENEVIEVE M VILLEGAS**<br>               **(DOB 01/14/1985)** | |
| Anya Havriliak, Reg. No. 52556<br>Deputy District Attorney<br>For: Beth McCann, Reg. No. 5834<br>District Attorney<br>201 W. Colfax Ave. Dept. 801<br>Denver, CO 80202<br>Phone Number: 720-913-9000<br>Fax Number: 720-913-9035 | ▲  COURT USE ONLY  ▲<br><br>Case Number:  20M03049<br><br>Div: Criminal Ctrm 3D |
| **MOTION TO DISMISS CASE** | |

Beth McCann, District Attorney, in and for the Second Judicial District, City and County of Denver, State of Colorado, by and through the undersigned Deputy District Attorney, respectfully moves this Honorable Court to dismiss this case without prejudice, for the following reason:

The defendant has been accepted into diversion.

Dated:  __7/9_____, 2021

                                    Respectfully submitted,

                                    Beth McCann
                                    District Attorney

                                    by:        ___*s/ Thain Bell*_____
                                              Thain Bell, Reg. No. 37000
                                              Chief Deputy District Attorney

17

**Exhibit 3B**

| County Court, City and County of Denver, Colorado<br>Lindsey-Flanigan Courthouse, Room 160<br>520 W. Colfax Ave.<br>Denver, CO 80204 | |
|---|---|
| Plaintiff:    The People of the State of Colorado<br><br>Defendant:    **JENEVIEVE M VILLEGAS**<br>                    **(DOB 01/14/1985)** | |
| | ▲      COURT USE ONLY      ▲ |
| | Case Number: 20M03049<br><br>Div: Criminal Ctrm 3D |
| **ORDER TO DISMISS CASE** | |

The Court, having read the People's MOTION TO DISMISS CASE and being fully advised therein:

☑    Hereby Grants the People's Motion

☐    Hereby Denies the People's Motion

Done at Denver, Colorado this date: 07/12/2021_____, 2021

BY THE COURT: _____

JUDGE _____

18

**Exhibit 4**

This document contains a ruling of the court and should be treated as such

| | |
|---|---|
| **Court:** | Denver County Court |
| **Judge:** | Beth Faragher |
| **Filing ID:** | |
| **Date Ordered:** | Oct 29 2020 10:23AM |
| **Case Number:** | 20C00294 |
| **Case Title:** | ZIPRIS, DANNY  VS DOE, JANE |

**Court Authorizer:**    Beth Faragher

**Court Authorizer
Comments:**

MOTION FOR ENTRY OF MONEY JUDGMENT GRANTED NUNC PRO TUNC TO MOTION FILING DATE OF OCTOBER 1, 2020.  PER REVIEW OF FILE, COURT FINDS THAT DEFENDANT(S) DID NOT FILE AN ANSWER OR APPEAR ON THE RETURN DATE. THE COURT FINDS THERE WAS PROPER SUBSTITUTED SERVICE PER RULE 304, AND THE COURT HAS PROPER PROOF OF DEBT AND OTHER SUPPORTING DOCUMENTS.  BETH FARAGHER, JUDGE

/S/ Beth Faragher, Judge

19



**Exhibit 5**



+1 (619) 613-7858 >



## Exhibit 6

Page 1 of 8
Primary Account: ████1232
Beginning February 7, 2020 - Ending March 6, 2020          06

**BBVΛ**

46     JENEVIEVE  VILLEGAS
PC     ████████████████████

### Contacting  Us

Available by phone 24/7

Phone    1-800-266-7277

Online   bbvausa.com

Write    BBVA
Customer  Service
P.O.  Box 10566
Birmingham,  AL 35296

# Summary  of Accounts

## Deposit  Accounts/  Other  Products

| Account | Account number | Ending balance last statement | Ending balance this statement |
|---|---|---|---|
| EASY CHECKING | ██1232 | ██ | ██ |
| **Total Deposit  Accounts** | | ██ | ██ |

21

**BBVA**

# EASY CHECKING

Account Number: ▮          - JENEVIEVE VILLEGAS

### Activity Summary

| | |
|---|---|
| Beginning Balance on 2/7/20 | ▮ |
| Deposits/Credits   (33) | ▮ |
| Withdrawals/Debits  (88) | ▮ |
| Ending Balance on 3/6/20 | ▮ |

## Transaction History



| Date * | Check/Serial # | Description | Deposits/Credits | Withdrawals/Debits | End of Day Balance |
|---|---|---|---|---|---|
| 2/18 | | | | $9.75 | |
| 2/18 | | | | $9.75 | |
| 2/18 | | | | $12.83 | |
| 2/18 | | | | $19.75 | |
| 2/18 | | | | $3.19 | |
| 2/18 | | | | $1.00 | |
| 2/18 | | | | $17.72 | |
| 2/18 | | | | $20.12 | |
| 2/18 | | | | $3.99 | |

22



**BBVA**

| Date * | Check/<br>Serial # | Description | Deposits/<br>Credits | Withdrawals/<br>Debits | End of Day<br>Balance |
|---|---|---|---|---|---|
| 2/18 | | | | $13.66 | |
| 2/18 | | | | $23.90 | |
| 2/18 | | | | $10.00 | |
| 2/18 | | | | $40.00 | |
| 2/18 | | | | $2.99 | |
| 2/18 | | | | $15.76 | |
| 2/18 | | | | $26.60 | |
| 2/18 | | | $811.84 | | |
| 2/18 | | | | $6.67 | |
| 2/18 | | | | $12.09 | |
| 2/18 | | | | $13.50 | |
| 2/18 | | | $198.00 | | |
| 2/18 | | | $142 39 | | |
| 2/18 | | | | $182.98 | |
| 2/18 | | | | $32.05 | $899.94 |
| 2/19 | | | | $38.00 | |
| 2/19 | | | | $38.00 | |
| 2/19 | | | $38.00 | | |
| 2/19 | | | $38.00 | | |
| 2/19 | | | | $42.23 | |
| 2/19 | | | | $134.11 | |
| 2/19 | | | | $168.40 | |
| 2/19 | | | | $80.33 | |
| 2/19 | | | | $8.14 | |
| 2/19 | | | | $10.50 | $456.23 |

Page 4 of 8
Primary Account: ▇▇▇▇
Beginning February 7, 2020 - Ending March 6, 2020          06

**BBVA**

| Date * | Check/Serial # | Description | Deposits/Credits | Withdrawals/Debits | End of Day Balance |
|---|---|---|---|---|---|
| 2/20 | | | | $38.00 | |
| 2/20 | | | $134.42 | | |
| 2/20 | | | $32.49 | | |
| 2/20 | | | $38.00 | | |
| 2/20 | | | $69.30 | | |
| 2/20 | | | | $8.63 | |
| 2/20 | | | | $27.07 | |
| 2/20 | | | | $7.04 | |
| 2/20 | | | | $15.76 | |
| 2/20 | | | | $84.00 | |
| 2/20 | | | | $63.26 | |
| 2/20 | | | | $216.61 | $270.07 |
| 2/21 | | | | $10.34 | |
| 2/21 | | | | $27.73 | |
| 2/21 | | | | $5.93 | |
| 2/21 | | | | $208.40 | |
| 2/21 | | | | $18.12 | ($0.45) |
| 2/24 | | | | $38.00 | |
| 2/24 | | | | $38.00 | |
| 2/24 | | | | $9.62 | |
| 2/24 | | | $589.04 | | |
| 2/24 | | | $97.02 | | |
| 2/24 | | | $112.80 | | $712.79 |
| 2/25 | | | $38.00 | | |

24

Page 5 of 8
Primary Account: ▮▮▮▮▮
Beginning February 7, 2020 – Ending March 6, 2020                06

**BBVA**

| Date * | Check/ Serial # | Description | Deposits/ Credits | Withdrawals/ Debits | End of Day Balance |
|---|---|---|---|---|---|
| 2/25 | | | $38.00 | | |
| 2/25 | | | | $23.83 | |
| 2/25 | | | | $8.59 | |
| 2/25 | | | | $23.02 | |
| 2/25 | | | | $533.92 | $199.43 |
| 2/26 | | | | $2.61 | |
| 2/26 | | | | $50.90 | |
| 2/26 | | | | $4.37 | |
| 2/26 | | | | $8.50 | |
| 2/26 | | | | $12.92 | |
| 2/26 | | | | $13.00 | $107.13 |
| 2/27 | | | $3.25 | | |
| 2/27 | | | | $8.32 | |
| 2/27 | | | | $12.96 | |
| 2/27 | | | | $21.11 | |
| 2/27 | | | | $3.99 | |
| 2/27 | | | | $22.77 | $41.23 |

Page  6 of 8
Primary Account: █████████
Beginning February 7, 2020 - Ending March 6, 2020               06

**BBVA**

| Date * | Check/Serial # | Description | Deposits/Credits | Withdrawals/Debits | End of Day Balance |
|--------|----------------|-------------|------------------|--------------------|--------------------|

Page 7 of 8
Primary Account: ███████
Beginning February 7, 2020 – Ending March 6, 2020                06



| Date * | Check/ Serial # | Description | Deposits/ Credits | Withdrawals/ Debits | End of Day Balance |
|---|---|---|---|---|---|
| ██ | | ████████████ | ██ | ██ | ██ |
| | | ████████████ | | | |

**Ending Balance on 3/6** — ██

**Totals** — ██ ██

Please note, certain fees and charges posted to your account may relate to services and/or activity from the prior statement cycle
* The Date provided is the business day that the transaction is processed

### Periodic Non-sufficient Funds and Overdraft Charge Summary

| | Total this Period | Total 2020 YTD |
|---|---|---|
| Total overdraft (OD) fees *(includes NSF-paid item charges and extended OD charges)* | $██ | ██ |
| NSF-returned item charges | ██ | ██ |

Page 8 of 8
Primary Account: ███████
Beginning February 7, 2020 - Ending March 6, 2020      06

**BBVA**

## How to Balance Your Account

**Step 1** • Enter all checks, deposits, and other automated teller card (ATM) transactions in your register.
• Record all automated deductions, debit card transactions and electronic bill payments.
• Record and deduct service charges, check printing charges, or other bank fees.
• If you have an interest bearing account, add any interest earned shown on this statement.

**Step 2** • If applicable, sort checks in numerical order and mark in your register each check or other transaction that is listed on this statement.

**Step 3** • List any deposits or credits your have made that do not appear on this statement (see space provided below).

**Step 4** • List any checks you have written, debit card transactions, electronic payments and other deductions that do not appear on this statement (see space provided below).

| Date/Description | Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |
| Step 3 Total | $ |

| Date/Description | Check # | Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| Step 4 Total | | $ |

## Balancing Your Register to this Statement

| Step 5 | • Enter the "current balance" shown on this statement | |
|---|---|---|
| | • Add total from Step 3 | |
| | • Subtotal | |
| | • Subtract total from Step 4 | |
| | • This balance should equal your register balance | |
| | If it does not agree, see steps below | $ |

If your account does not balance, review the following:
· Check all your addition and subtraction above in your register
· Make sure you remembered to subtract service charges listed on this statement and add any interest earned to your register
· Amounts of deposits and withdrawals on this statement should match your register entries
· If you have questions or need assistance, please refer to the phone number on the front of this statement

### Change of Address
Please call us at the telephone number listed on the front of this statement to tell us about a change of address

### Electronic Transfers *(for consumer accounts only)*
In case of errors or questions about your Electronic Transfers, write to BBVA, Operations Compliance Support, P O Box 10566, Birmingham, AL 35296 Or simply call your local customer service number printed on the front of this statement Call or write as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt We must hear from you no later than 60 days after we sent the first statement on which the error or problem appeared

• Tell us your name and account number (if any)
• Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information
• Tell us the dollar amount of the suspected error

We will investigate your complaint and will correct any error promptly If we take more than 10 business days (20 on claims on accounts opened less than 30 calendar days) to do this, we will credit your account for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation

*For Non-Consumer Account customers, please refer to your current Non-Consumer Account Agreement for details regarding Electronic Fund Transfers

### Overdraft Protection
**Calculation of Interest Charge and Balance Subject to Interest Rate** The interest charge is computed using your annual percentage rate divided by 365 or, in the case of a leap year, 366, which gives you the "Applicable Rate" Although we calculate the interest charge by applying the Applicable Rate to each daily balance, the interest charge can also be calculated by multiplying the Applicable Rate by the "average daily balance"(Balance Subject to Interest Rate) shown on this statement, then multiplying that sum by the number of days in the billing cycle To get the "Balance Subject to Interest Rate" shown on this statement we take the beginning balance of your account less any unpaid finance charges each day, add any new advances or debits, and subtract any payments or credits This gives us the daily balance Then we add all the daily balances for the billing cycle and divide by the number of days in the billing cycle This give us the "average daily balance" shown on the statement as "Balance Subject to Interest Rate" Payments Payments to your overdraft protection loan account made through our tellers or deposited at our automated teller machines (ATMs) Monday through Friday before the posted cut-off time will be posted to your account on the date they are accepted Otherwise, they will be posted on the next business day Payments made through our ATMs via a funds transfer will be posted on the date they are received or on the next business day if made after 6pm CT (6pm MT for Arizona accounts and 6pm PT for California accounts) Monday through Friday or anytime Saturday, Sunday or bank holidays BBVA business days are Monday through Friday, excluding holidays

### In Case of Errors or Questions About Your Statement (Overdraft Protection Only)
If you think your statement is wrong, or if you need more information about a transaction on your statement, write your issue on a separate document and send it to Bankcard Center, P O Box 2210, Decatur, AL 35699-0001 Telephone inquires may be made by calling your local BBVA branch listed on the front of this statement to speak with a Customer Service Representative Please note: a telephone inquiry will not preserve your rights under federal law We must hear from you no later than sixty (60) days after we sent you the first statement on which the error or problem appeared

· Tell us your name and account number (if any)
· Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or what you need more information
· Tell us the dollar amount of the suspected error

You can stop the automatic deduction of the Minimum Payment from you checking account if you think your statement is wrong To stop the payment, your letter must reach us three (3) business days before the automatic deduction is scheduled to occur

### Reporting Other Problems
Please review your statement carefully It is essential that any account errors or any improper transactions on your account be reported to us as soon as reasonably possible If you fail to notify us of any suspected problems, errors or unauthorized transactions within the time periods specified in the deposit account agreement, we are not liable to you for any loss related to the problem, error or unauthorized transaction

BBVA and BBVA Compass are trade names of BBVA USA, a member of the BBVA Group BBVA USA, Member FDIC

28

Page 1 of 4
Primary Account: ████ 1232
Beginning April 7, 2020 - Ending May 6, 2020          06

**BBVA**

46    JENEVIEVE  VILLEGAS
PC    ████████████████████

### Contacting   Us

Available by phone 24/7

Phone    1-800-266-7277

Online   bbvausa.com

Write    BBVA
Customer Service
P.O. Box 10566
Birmingham, AL 35296

# Summary  of Accounts

## Deposit  Accounts/  Other  Products

| Account | Account number | Ending balance last statement | Ending balance this statement |
|---|---|---|---|
| EASY CHECKING | ████ 1232 | ████ | $360.36 |
| **Total Deposit  Accounts** | | ████ | **$360.36** |

29

Page 2 of 4
Primary Account: ███1232
Beginning April 7, 2020 - Ending May 6, 2020                06

**BBVA**

# EASY CHECKING
Account Number: ███1232  - JENEVIEVE VILLEGAS

## Activity Summary

| | |
|---|---|
| Beginning Balance on 4/7/20 | ███ |
| Deposits/Credits (7) | ███ |
| Withdrawals/Debits (13) | ███ |
| **Ending Balance on 5/6/20** | **$360.36** |

## Transaction History

| Date * | Check/ Serial # | Description | Deposits/ Credits | Withdrawals/ Debits | End of Day Balance |
|---|---|---|---|---|---|
| 5/1 | | | | $7.56 | |
| 5/1 | | | | $26.61 | |
| 5/1 | | | | $5.03 | $33.24 |
| 5/4 | | | | $17.25 | |
| 5/4 | | | | $13.98 | |
| 5/4 | | | | $1.65 | $0.36 |
| 5/6 | | | $360.00 | | $360.36 |
| **Ending Balance on 5/6** | | | | | **$360.36** |
| **Totals** | | | ███ | ███ | |

Please note, certain fees and charges posted to your account may relate to services and/or activity from the prior statement cycle.
* The Date provided is the business day that the transaction is processed.

30

Page 3 of 4
Primary Account: ███ 1232
Beginning April 7, 2020 - Ending May 6, 2020                06

**BBVA**

| Periodic Non-sufficient Funds and Overdraft Charge Summary | Total this Period | Total 2020 YTD |
|---|---|---|
| Total overdraft (OD) fees *(includes NSF-paid item charges and extended OD charges)* | ███ | ███ |
| NSF-returned item charges | ███ | ███ |

Page 4 of 4
Primary Account: ████ 1232
Beginning April 7, 2020 - Ending May 6, 2020          06



## How to Balance Your Account

**Step 1** • Enter all checks, deposits, and other automated teller card (ATM) transactions in your register.
• Record all automated deductions, debit card transactions and electronic bill payments.
• Record and deduct service charges, check printing charges, or other bank fees.
• If you have an interest bearing account, add any interest earned shown on this statement.

**Step 2** • If applicable, sort checks in numerical order and mark in your register each check or other transaction that is listed on this statement.

**Step 3** • List any deposits or credits your have made that do not appear on this statement (see space provided below).

**Step 4** • List any checks you have written, debit card transactions, electronic payments and other deductions that do not appear on this statement (see space provided below).

| Date/Description | Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |
| Step 3 Total | $ |

| Date/Description | Check # | Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| Step 4 Total | | $ |

## Balancing Your Register to this Statement

| Step 5 | |
|---|---|
| • Enter the "current balance" shown on this statement | |
| • Add total from Step 3 | |
| • Subtotal | |
| • Subtract total from Step 4 | |
| • This balance should equal your register balance | |
| If it does not agree, see steps below | $ |

If your account does not balance, review the following:
· Check all your addition and subtraction above in your register.
· Make sure you remembered to subtract service charges listed on this statement and add any interest earned to your register.
· Amounts of deposits and withdrawals on this statement should match your register entries.
· If you have questions or need assistance, please refer to the phone number on the front of this statement.

**Change of Address**
Please call us at the telephone number listed on the front of this statement to tell us about a change of address.

**Electronic Transfers** *(for consumer accounts only)*
In case of errors or questions about your Electronic Transfers, write to BBVA, Operations Compliance Support, P.O. Box 10566, Birmingham, AL 35296. Or simply call your local customer service number printed on the front of this statement. Call or write as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent the first statement on which the error or problem appeared.

• Tell us your name and account number (if any).
• Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information.
• Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days (20 on claims on accounts opened less than 30 calendar days) to do this, we will credit your account for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation.

*For Non-Consumer Account customers, please refer to your current Non-Consumer Account Agreement for details regarding Electronic Fund Transfers.

**Overdraft Protection**
**Calculation of Interest Charge and Balance Subject to Interest Rate.** The interest charge is computed using your annual percentage rate divided by 365 or, in the case of a leap year, 366, which gives you the "Applicable Rate." Although we calculate the interest charge by applying the Applicable Rate to each daily balance, the interest charge can also be calculated by multiplying the Applicable Rate by the "average daily balance"(Balance Subject to Interest Rate) shown on this statement, then multiplying that sum by the number of days in the billing cycle. To get the "Balance Subject to Interest Rate" shown on this statement we take the beginning balance of your account less any unpaid finance charges each day, add any new advances or debits, and subtract any payments or credits. This gives us the daily balance. Then we add all the daily balances for the billing cycle and divide by the number of days in the billing cycle. This give us the "average daily balance" shown on the statement as "Balance Subject to Interest Rate". Payments. Payments to your overdraft protection loan account made through our tellers or deposited at our automated teller machines (ATMs) Monday through Friday before the posted cut-off time will be posted to your account on the date they are accepted. Otherwise, they will be posted on the next business day. Payments made through our ATMs via a funds transfer will be posted on the date they are received or on the next business day if made after 6pm CT (6pm MT for Arizona accounts and 6pm PT for California accounts) Monday through Friday or anytime Saturday, Sunday or bank holidays. BBVA business days are Monday through Friday, excluding holidays.

**In Case of Errors or Questions About Your Statement** (Overdraft Protection Only)
If you think your statement is wrong, or if you need more information about a transaction on your statement, write your issue on a separate document and send it to Bankcard Center, P.O. Box 2210, Decatur, AL 35699-0001. Telephone inquires may be made by calling your local BBVA branch listed on the front of this statement to speak with a Customer Service Representative. Please note: a telephone inquiry will not preserve your rights under federal law. We must hear from you no later than sixty (60) days after we sent you the first statement on which the error or problem appeared.

· Tell us your name and account number (if any).
· Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or what you need more information.
· Tell us the dollar amount of the suspected error.

You can stop the automatic deduction of the Minimum Payment from you checking account if you think your statement is wrong. To stop the payment, your letter must reach us three (3) business days before the automatic deduction is scheduled to occur.

**Reporting Other Problems**
Please review your statement carefully. It is essential that any account errors or any improper transactions on your account be reported to us as soon as reasonably possible. If you fail to notify us of any suspected problems, errors or unauthorized transactions within the time periods specified in the deposit account agreement, we are not liable to you for any loss related to the problem, error or unauthorized transaction.

BBVA and BBVA Compass are trade names of BBVA USA, a member of the BBVA Group. BBVA USA, Member FDIC.

32

Page 1 of 7
Primary Account: ██ ▮ ██ 1232
Beginning May 7, 2020 - Ending June 6, 2020          06

**BBVA**

46    JENEVIEVE  VILLEGAS
PC    ████████████████████
      ████████████████████

### Contacting  Us

Available by phone 24/7

Phone   1-800-266-7277

Online   bbvausa.com

Write   BBVA
        Customer  Service
        P.O. Box 10566
        Birmingham, AL 35296

# Summary  of Accounts

## Deposit  Accounts/  Other  Products

| Account | Account number | Ending balance last statement | Ending balance this statement |
|---|---|---|---|
| EASY CHECKING | ██ 1232 | $360.36 | ████ |
| **Total Deposit  Accounts** | | **$360.36** | ████ |

33

Page 2 of 7
Primary Account: ■■■■1232
Beginning May 7, 2020 - Ending June 6, 2020          06

**BBVA**

# EASY CHECKING

Account Number: ■■■1232 - JENEVIEVE VILLEGAS

## Activity Summary

| | |
|---|---|
| Beginning Balance on 5/7/20 | $360.36 |
| Deposits/Credits (12) | ■■■■ |
| Withdrawals/Debits (77) | ■■■■ |
| **Ending Balance on 6/6/20** | ■■■ |

## Transaction History

| Date * | Check/ Serial # | Description | Deposits/ Credits | Withdrawals/ Debits | End of Day Balance |
|---|---|---|---|---|---|
| 5/7 | | | | $13.95 | |
| 5/7 | | | | $11.13 | |
| 5/7 | | | | $32.13 | |
| 5/7 | | | | $16.99 | |
| 5/7 | | | | $24.41 | |
| 5/7 | | | | $27.88 | |
| 5/7 | | | | $22.98 | |
| 5/7 | | | | $28.74 | |
| 5/7 | | | | $6.38 | $175.77 |
| 5/8 | | | | $15.09 | |
| 5/8 | | | | $18.35 | |
| 5/8 | | | | $20.37 | |
| 5/8 | | | | $15.76 | |
| 5/8 | | | | $2.08 | |
| 5/8 | | | | $5.92 | $98.20 |
| 5/11 | | | $9.75 | | |
| 5/11 | | | $12.99 | | |
| 5/11 | | | | $4.86 | |

Page 3 of 7
Primary Account: ████1232
Beginning May 7, 2020 - Ending June 6, 2020                06

**BBVA**



| Date * | Check/<br>Serial # | Description | Deposits/<br>Credits | Withdrawals/<br>Debits | End of Day<br>Balance |
|--------|--------------------|-------------|----------------------|------------------------|-----------------------|
| 5/11 | | | | $7.32 | |
| 5/11 | | | $9.75 | | |
| 5/11 | | | | $10.38 | |
| 5/11 | | | | $14.51 | |
| 5/11 | | | | $18.55 | |
| 5/11 | | | | $15.39 | |
| 5/11 | | | | $8.20 | |
| 5/11 | | | | $6.98 | |
| 5/11 | | | | $16.96 | |
| 5/11 | | | | $18.26 | $9.28 |
| 5/13 | | | | $2.99 | $6.29 |
| 5/14 | | | $101.00 | | |
| 5/14 | | | $100.00 | | |
| 5/14 | | | | $14.60 | $192.69 |
| 5/15 | | | | $0.91 | $191.78 |

Page 4 of 7
Primary Account: ▓▓ 1232
Beginning May 7, 2020 - Ending June 6, 2020          06

**BBVA**

| Date * | Check/ Serial # | Description | Deposits/ Credits | Withdrawals/ Debits | End of Day Balance |
|---|---|---|---|---|---|



Page 5 of 7
Primary Account: ███ · █1232
Beginning May 7, 2020 - Ending June 6, 2020                06



| Date * | Check/ Serial # | Description | Deposits/ Credits | Withdrawals/ Debits | End of Day Balance |
|--------|-----------------|-------------|-------------------|---------------------|--------------------|

## Exhibit 6A

| COUNTY COURT, ARAPAHOE (LITTLETON) COUNTY, COLORADO<br>Court Address:<br>1790 WEST LITTLETON BLVD, LITTLETON, CO, 80120<br><br>**Plaintiff(s)** DANNY ZIPRIS<br>v.<br>**Defendant(s)** BBVA USA INC | DATE FILED: May 27, 2021 4:09 PM<br>CASE NUMBER: 2020S608<br><br><br>⚠ **COURT USE ONLY** ⚠ |
|---|---|
| | Case Number: 2020S 608<br>Division: A2          Courtroom: |
| **Order:Motion to File a Subpoena** | |

The motion/proposed order attached hereto: DENIED.

The Plaintiff's Motion appears to be a request to re-open evidence in this case. That request is Denied.

Issue Date: 5/27/2021

ANNE MARIE OLLADA
County Court Judge

38

## Exhibit 6B

| ☒County Court ☐District Court<br>___Arapahoe___ County, Colorado<br>Court Address: 1790 W Littleton Blvd, Littleton, CO 80120 | |
|---|---|
| Plaintiff(s)/Petitioner(s):  Danny Zipris<br>v.<br>Defendant(s)/Respondent(s):  BBVA USA Inc. | ▲     COURT USE ONLY     ▲ |
| Attorney or Party Without Attorney (Name and Address):<br> Danny Zipris, 1818 S Quebec Way #11-6, Denver, CO 80231<br><br>Phone Number303-656-5829 E-mail: dannyindenver@yahoo.com<br>FAX Number:          Atty. Reg. #: | Case Number: 2020S608<br><br><br>Division A2    Courtroom |
| MOTION TO ___ File a Subpoena | |

Plaintiff is requesting that the court allows filing a subpoena to produce upon BBVA USA Inc. In its Judgment filed on May 26, 2021, the court raised concerns heavily focusing on "evidence that Plaintiff's funds were in the account at the time he notified them of the allegation of theft. The Court found no credible evidence was presented whatsoever to support Plaintiff's claim." Plaintiff demonstrated that the amount of payments deposited in Ms. Villegas' bank account on 2/18/2021, the day Plaintiff's was defrauded by Ms. Villegas, closely match the amounts stolen from Plaintiff. Plaintiff does not recall that during the trial, the court or the Defendant raised any concerns regarding this matter. Pursuant to Colo. R. Civ. P. 59 (Motions for Post-Trial Relief), in order to remove any doubts regarding the alleged stolen funds and for the sake of the truth, Plaintiff is requesting to file a subpoena ordering BBVA to reveal the time of deposit and the source of the payments transferred to Ms. Villegas' BBVA account on February 18, 2021 (Exhibit #1).

Date: ___May 27, 2021___

_____
Signature of ☒Petitioner/Plaintiff or ☐Respondent/Defendant
_1818 S Quebec Way #11-6_____
Address
_Denver, CO 80231_____
City, State and Zip Code
_303-656-5829_____
Telephone Number (Home)              (Work)

---

## CERTIFICATE OF SERVICE

I certify that on __May 27, 2021_____ (date) a true and accurate copy of the Motion to __File a Subpoena____ was served on the other party by:
☐Hand Delivery, ☒E-filed, ☐Faxed to this number _dfein@bdwf-firm.com__ , **or**
☐by placing it in the United States mail, postage pre-paid, and addressed to the following (include name and address):

To: _____

_____

_____

_____
☒Petitioner/Plaintiff or ☐Respondent/Defendant

JDF 76  R5/17    MOTION TO                    39

**Exhibit 7A**

| | |
|---|---|
| **COUNTY COURT, ARAPAHOE COUNTY, COLORADO**<br>**Court Address:** 1790 W. Littleton Blvd.<br>Littleton, CO 80120 | DATE FILED: May 26, 2021 2:44 PM<br>CASE NUMBER: 2020S608 |
| Plaintiff,<br><br>Danny Zipris<br><br>**VS.**<br><br>BBVA USA Inc.,<br><br>Defendant | ▲**COURT USE ONLY**▲<br><br>**CASE NUMBER:**<br>2020S608<br><br>**DIVISION A2** |
| **FINDINGS AND ORDER GRANTING MOTION (IN PART) FOR ATTORNEY FEES PURSUANT TO CRS 13-17-102** | |

This matter comes before the Court on Defendant's Motion for Award of Attorney Fees and Costs made by oral motion immediately post trial and formally filed with the Court in written form April 20, 2021. The Court has reviewed the file, the Motion and the Defendant's Response and makes the following finds of fact and conclusions of law.

The Plaintiff brought this Small Claims Court case on December 16, 2020 alleging damages resulting from what he argued was the Defendant's collaboration with a non-party's alleged theft of monies from the Defendant. Plaintiff states in his Notice Claim and Summons to Appear that BBVA refused to return money that was fraudulently stolen from him from a non-party, Ms. Villegas on February 18, 2020. Ms. Villegas was a customer of the Defendant bank and had an account with Defendant at the time of the alleged theft.

The evidence presented to this Court during trial showed that the criminal case against Ms. Villegas had not yet been resolved by plea or trial. Further, there was no evidence to show that any court order or writ to seize funds had been issued with relationship to Ms. Villegas' bank account which may have been served upon Defendant. There was no evidence presented to the Court that the Defendant had any knowledge regarding the alleged theft other than the Plaintiff's own personal communications to the defendant bank itself.

At the conclusion of trial, the Court found the Plaintiff did not meet his burden, that even if what he was testifying to was found to be credible by the Court, the law still did not support a ruling in his favor. Plaintiff's case was based primarily upon the fact that at some point after the alleged theft, he went to the Defendant bank and told them of the theft, and that therefore they should have seized the funds in Ms. Villegas' account, even without a court order. The Defendant did not seize the funds in response to the

**Exhibit 7B**

notification from the Plaintiff, and therefore the Plaintiff argues that the Defendant bank collaborated with Ms. Villegas and in addition, committed a crime when it declined to seize any such funds.   There was also no credible evidence that Plaintiff's funds were in the account at the time he notified them of the allegation of theft.  The Court found no credible evidence was presented whatsoever to support Plaintiff's claim.  Plaintiff's argument was simply not supported by Colorado law.  The Defendant was the prevailing party pursuant to Procedure for Small Claims Courts Rule 516.

Upon the Court's dismissal of the case, the Defendant orally moved for attorney fees arguing the Plaintiff's claim lacked substantial justification that it was frivolous and substantially groundless pursuant to 13-17-102 C.R.S.  The Plaintiff objected.  The Court requested the Defendant file a written motion which would afford the Plaintiff an opportunity to respond.  The Court hereby grants the Defendant's motion, in part.

Both Plaintiff and Defendant filed numerous exhibits in support of their position on the present motion.  Those exhibits show that Defendant clearly communicated to the Plaintiff its position regarding its intent to request these very attorney fees if the Plaintiff continued its path towards trial this case.  The Plaintiff provided the email exhibits to support his claim that Defendant was "bullying" him.  Plaintiff argues the Defendant is requesting these fees out of frustration for failing to intimate him into dropping the case. The pertinent part of Defendant's communication is taken from Plaintiff's Response of December 23, 2020 (10:44am):

> "Please be advised that should you elect not to immediately dismiss the action, BBVA will seek an award of its attorney fees and costs incurred in defending your frivolous and groundless claims. I recommend that you familiarize yourself with C.R.S. 13-17-102, and govern yourself accordingly."

The Defendant provided the same email communication to support its claim that Plaintiff was on notice that his claim was frivolous and groundless, and yet continued to proceed.

The Plaintiff argues that 13-17-12 (6) forbids the award of attorney fees against a pro se litigant.  The Court finds that Plaintiff stopped short of citing the entire section which states in pertinent part,

> "No party who is appearing without an attorney shall be assessed attorney fees *unless the court finds that the party clearly knew or reasonably should have known that his action or defense or any part thereof was substantially frivolous substantially groundless or substantially vexatious."*

The Court finds that the Plaintiff reasonably should have known that his action was substantially groundless.  He was extremely thorough in this presentation of his case which shows the Court that he did quite a bit of research into the subject matter.  He was notified that Defendant would be seeking these very fees, and in that communication,

**Exhibit 7C**

reasons were listed by Defendant's counsel as to why she would file this present motion in Defendant's Exhibit C.  Plaintiff responded to this notification with, "don't be ridiculous" (December 23, 2020 10:53am).

The Plaintiff argued his case by stating that the Defendant should have taken his word for it that their client has stolen his money and seize whatever funds were in the alleged thief's account.  Plaintiff testified that there were no court orders to seize the money, no writs issued by a court or authorized agency and therefore none were served upon the bank.  The Plaintiff never presented any legal reason supported by evidence that the bank would be under any legal obligation whatsoever to seize any such funds as it relates to the Plaintiff.  The Plaintiff's claim was groundless.

The Court therefore finds that pursuant to 13-17-102 (6) it must award attorney fees to the Defendant.  However, the Court finds it must assess at what point Plaintiff reasonably should have known that his claim was groundless.  Due to the Plaintiff being pro se, it may have taken him additional time to reasonably reevaluate his legal position and come to the conclusion that it was indeed a groundless claim.  In other words, the point at which the Plaintiff would have reasonably known the claim was groundless would be further along in the process than had an attorney been representing Plaintiff.

The Court has carefully reviewed the Court's minute orders against the communications attached as exhibits and finds that the Plaintiff reasonably should have known his case was substantially groundless when the matter was ordered set for trial on January 12, 2021.  The Court therefore awards attorney fees to the Defendant reasonably incurred on and after that date.

The Court requests an updated affidavit (which will be cross-referenced with the exhibit already filed) prior to the Court ruling on the amount of attorney fees to be awarded for that time frame.  The math does not appear to be correct on page two of the Attorney Affidavit in Support filed as Exhibit I of Defendant's Motion, therefore the Court does not rely on the current affidavit.

Done in chambers this 26th day of May, 2021.


/s/ AOllada

_____

A M Olada
Arapahoe County Court Judge Division A2

42

## Exhibit 8

Small Claims Court _____Arapahoe_____ County, Colorado.
Court Address: 1790 W Littleton Blvd. Littleton, CO 80120

PLAINTIFF(S): ____Danny Zipris_____

Address: __1818 S Quebec Way #11-6_____

City/State/Zip: __Denver, CO 80231_____

Phone: Cell _303-656-5829___ Email: _dannyindenver@yahoo.com_

v.

DEFENDANT(1): _BBVA USA Inc._____

Address: _____15 20th Street S_____

City/State/Zip: __Birmingham, Alabama 35233_____

Phone: Home 1 (844) 228-2872 Work _____ Cell _____

DEFENDANT(2): _____

Address: _____

City/State/Zip: _____Phone: _____

Home _____ Work _____ Cell _____

DATE FILED: December 16, 2020 3:45 PM
CASE NUMBER: 2020S608

**▲ COURT USE ONLY ▲**

Case Number:

20 S 608

Division | Courtroom

### NOTICE, CLAIM AND SUMMONS TO APPEAR FOR TRIAL (Part 1)

If Defendant(s) is/are other than a person, go on-line at www.sos.state.co.us to determine the registered agent for service of this notice. Please enter name and address of the agent. Name: __CT Corporation System__
Address: __7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112__

1. The Defendant(s) is/are in the military service: ☐Yes ☒No ☐Unknown
2. The Defendant(s) reside(s), is/are regularly employed, has/have an office for the transaction of business, or is/are a student in this county, or real property located in this county is the subject of claim(s) arising from a restrictive covenant or security deposit dispute. ☒Yes ☐No
3. I/We understand that it is my/our responsibility to have each Defendant served with the "Defendant's Copy" of this Notice by a person whose age is 18 years or older and who is not a party to this action 15 days prior to the trial and to provide the Court with written proof of service. ☒Yes ☐No
4. I am an attorney: ☐Yes ☒No

#### Notice and Summons to Appear for Trial

To the Defendant(s):
You are scheduled to have your trial in this case on _SEE ATTACHED CMO_ (date) at _____(time) at the Court address stated in the above caption. Bring with you all books, papers and witnesses you need to establish your defense. **If you do not appear, judgment may be entered against you.** If you wish to defend the claim or present a counterclaim, you must provide a written response or written counterclaim on or before the scheduled trial date and pay a **nonrefundable** filing fee.

Dated: _12/16/20_ _____

Clerk of Court/Deputy Clerk

**Plaintiff(s)'s Claim (Please summarize reasons to support your claim below.)**
The Defendant(s) owe(s) me $___7,500_____, which includes penalties, plus interest and costs allowed by law and/or should be ordered to return property, perform a contract or set aside a contract or comply with a restrictive covenant for the following reasons. (If seeking return of property, please describe the property being requested).

Defendant is refusing to return money that was fraudulently stolen from Plaintiff and deposited in a BBVA account. The money was stolen by Jenevieve M Villegas (DOB 1/14/1985, SSN: xxx-xx-6934) on 2-18-2020. This individual is a criminal with a history of thefts currently prosecuted for misdemeanors and felonies in Colorado. Plaintiff informed BBVA multiple times that this money has been stolen by a criminal and requested that it is returned immediately. Defendant refused to do so. Per the law in Colorado, receiving or obtaining control over stolen property is punished as if one had stolen the property himself. It is considered a form of theft and governed by section 18-4-404 of the Colorado Revised Statutes. By refusing to return the stolen money to Plaintiff, Defendant inflicted significant financial harm on Plaintiff. This court is requested to order Defendant to pay Plaintiff $7,500 to partially cover the financial losses caused by the bank's criminal conduct.

**Note: The combined value of money, property, specific performance or cost to remedy a covenant violation cannot exceed $7,500.00.**
I/we declare under penalty of perjury under the law of Colorado that the foregoing is true and correct. I/we have not filed in any Small Claims Court in this County more than 2 claims during this calendar month, nor more than 18 claims in this County this calendar year.

Dated: ___December 16, 2020_____

Danny Zipris

Plaintiff's Signature

JDF 250SC R 2-20    (PART 1/ PAGE 1)    NOTICE, CLAIM AND SUMMONS TO APPEAR FOR TRIAL    COURT COPY

43

**Exhibit 9A**

| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 S. Potomac Street<br>Centennial, CO 80112 | |
|---|---|
| | DATE FILED: July 22, 2021 8:34 AM<br>CASE NUMBER: 2021CV153 |
| **Plaintiff-Appellant:** Danny Zipris<br><br>v.<br><br>**Defendant-Appellee:** BBVA USA Inc. | **▲ COURT USE ONLY ▲**<br><br>Case Number: 2021CV153<br>Division: 15 |
| **ORDER GRANTING MOTION TO DISMISS APPEAL** | |

THIS MATTER comes before the Court on Defendant BBVA USA Inc.'s (BBVA) Motion to Dismiss Appeal filed June 25, 2021 (Motion). On July 1, 2021, Plaintiff Danny Zipris filed his Motion to Deny Defendant's Motion to Dismiss Appeal (Response). The Court treats this filing as a response to BBVA's Motion. BBVA filed its Reply in Support of BBVA USA Inc.'s Motion to Dismiss Appeal on July 8, 2021 (Reply). On July 9, 2021, Mr. Zipris filed his Response to Defendant, which the Court treats as a sur-reply (Sur-reply). The Court, having reviewed the briefings, case file, applicable law, and being otherwise fully advised, hereby **FINDS** the Motion to Dismiss should be **GRANTED**.

<div align="center"><u>**Background**</u></div>

On December 16, 2020, Mr. Zipris filed suit in the underlying case in Small Claims Court Case No. 2020S608. Motion at 2. On April 7, 2021, the Honorable Anne M. Ollada held a trial in the small claims case. *Id.* Immediately after the trial concluded, the trial court entered a minute order dismissing Mr. Zipris' complaint, finding he did not meet his burden by a preponderance of the evidence. *Id.*

<div align="center">1</div>

**Exhibit 9B**

On June 8, 2021, Mr. Zipris filed a Notice of Appeal in the small claims case. *Id.* On June 16, 2021, the trial court entered an order granting attorney's fees in part to BBVA on the basis Mr. Zipris filed a frivolous and groundless complaint. *Id.* On June 22, 2021, Mr. Zipris docketed his appeal in this Court, but he addressed it to the Court of Appeals. *Id.* According to Mr. Zipris, he posted his appeal bond of $2,500 on June 24, 2021. Response at 6.

### Standard of Review

A district court, when reviewing a decision by a lower court, sits as any appellate court. *See People v. Anderson*, 492 P.2d 844, 845 (Colo. 1972). An appellate court reviews a lower court's conclusions of law *de novo*. *S. Ute Indian Tribe v. King Consol. Ditch Co.*, 250 P.3d 1226, 1232 (Colo. 2011). Decisions of a trial court regarding factual disputes are accorded great deference and, therefore, a reviewing court applies the clear error standard of review. *Quintana v. City of Westminster*, 56 P.3d 1193, 1196 (Colo. App. 2002).

Pursuant to the rules of Civil Procedure, a notice of appeal to the district court from a small claims court must be filed within 14 days after the date of entry of judgment. C.R.C.P. 411(a); C.R.C.P. 519; C.R.S. § 13-6-410. According to the Colorado Court of Appeals, "[c]ompliance with the procedural rules of the court is a prerequisite to appellate jurisdiction[.]" *Dill v. County Court*, 541 P.2d 1272, 1273 (Colo. App. 1975). If the appealing party fails to meet the statutory requirements for appeal, dismissal by the appellate court is proper since the appellate court lacks jurisdiction to hear the matter. *See Madison Capital Co. v. Star Acquisition VIII*, 214 P.3d 557, 560 (Colo. App. 2009); *Concelman v. Ray*, 538 P.2d 1343, 1344 (Colo. App. 1975).

**Exhibit 9C**

## Discussion

The Court agrees with Defendant that Plaintiff did not file a timely notice of appeal. In its Motion, BBVA argues Mr. Zipris' appeal should be dismissed because he did not timely file his Notice of Appeal. Motion at 2. It contends the timely filing of a notice of appeal is mandatory and jurisdictional. *Id.* at 3 (citing *Broderick v. McElroy & McCoy, Inc.*, 961 P.2d 504, 506 (Colo. App. 1997)). Further, BBVA asserts, pursuant to Colorado Rule of Civil Procedure 519, small claims court appeals follow the procedures provided in C.R.S. § 13-6-410 and C.R.C.P. 411. *Id.* at 2.

C.R.S. § 13-6-410 reads, in relevant part:

> A record shall be made of all small claims court proceedings, and either the plaintiff or the defendant may appeal pursuant to county court rules.

Colorado Rule of Civil Procedure 411(a) states, in pertinent part:

> **(a) Notice of Appeal; Time for Filing; Bond.** If either party in a civil action believes that the judgment of the county court is in error, that party may appeal to the district court by filing a notice of appeal in the county court within 14 days after the date of entry of judgment. . . . The appealing party shall also file within the said 14 days an appeal bond with the clerk of the county court.

Colorado Rule of Civil Procedure 411(a) requires a party to file a notice of appeal in the county court within 14 days from the date of entry of judgment. "Compliance with the rules of court is prerequisite to appellate jurisdiction, and actions undertaken to avoid application of those rules, whether by the parties or by the trial court, cannot operate to confer jurisdiction." *Dill*, 541 P.2d 1272, 1273.

BBVA cites to C.R.C.P. 514. Motion at 3. This rule provides:

> At the end of the trial, the court shall immediately state its findings and decision and direct the entry of judgment. Judgment shall be entered immediately pursuant to the provisions of C.R.C.P. 358. No written findings shall be required.

C.R.C.P. 514. Colorado Rule of Civil Procedure 358(a) reads, in relevant part:

**Exhibit 9D**

> Judgment upon the verdict of a jury or upon trial by the court in all actions shall be entered forthwith by the judge or the clerk at the discretion of the judge. A notation of the judgment shall be made in the register of actions as provided in Rule 379(a) and such notation of the judgment shall constitute the entry of judgment.

BBVA further argues:

> A clear and precise minute order can be effective as a final judgment. Therefore the entry on the register of actions of a minute order which constitutes a final judgment is entry of a final judgment on the register of actions.

Motion at 4 (quoting *Moore & Co. v. Williams*, 672 P.2d 999, 1002 (Colo. 1983) (internal citations omitted).

BBVA contends the trial court clerk made a notation in the register of actions conforming with the entry of judgment under Rules 514 and 358 on April 7, 2021. *Id.* The minute order is dated, summarizes Judge Ollada's findings, and clearly states the complaint is dismissed. *Id.* Therefore, Mr. Zipris' deadline to appeal began to toll on April 7, 2021, with his Notice of Appeal due on or before April 21, 2021. *Id.* Mr. Zipris did not file his Notice of Appeal until June 8, 2021, which is 62 days after the entry of judgment. *Id.* BBVA argues in his Designation of Record on Appeal, Mr. Zipris refers to hearings on March 3, 2021, and April 7, 2021, so it is clear he is appealing the trial court's April 7, 2021 judgment and not just an award of attorneys' fees entered against him. *Id.* Additionally, the deadline for filing a Notice of Appeal is not tolled by an outstanding attorney fees and cost award. *Id.* (citing *Baldwin v. Bright Mortg. Co.*, 757 P.2d 1072, 1073 (Colo. 1988)). According to BBVA, because Mr. Zipris did not file his Notice of Appeal within 14 days of entry of judgment, this Court lacks jurisdiction to hear his appeal. *Id.* at 5. BBVA also argues Mr. Zipris failed to pay an appeal bond within 14 days as required by Rule 411. *Id.*

4

47

## Exhibit 9E

Finally, BBVA seeks an award of attorneys' fees and costs in filing its Motion to Dismiss. *Id.* On June 8, 2021, after receiving Mr. Zipris' Notice of Appeal, counsel for BBVA informed Mr. Zipris' the appeal was untimely, the then pending attorneys' fees request did not toll the deadline to file an appeal, and if he persisted in his appeal, BBVA would seek dismissal and request an award of attorneys' fees and costs for defending the appeal. *Id.* at 5–6 (citing Exhibit A). Counsel for BBVA directs the Court to Arapahoe County District Case No. 2021CV99, *Danny Zipris v. Travelers Casualty Insurance Company*, where Mr. Zipris' case was dismissed for untimely filing of a Notice of Appeal and untimely payment of the appeal bond. *Id.* at 6 (citing Exhibit B, Order Re: Travelers Personal Insurance Company's Motion to Dismiss Appeal). According to BBVA, Mr. Zipris knew his appeal was substantially frivolous and groundless but proceeded anyway. *Id.* BBVA argues it is entitled to an award of attorneys' fees and costs pursuant to C.R.S. § 13-17-102 and C.R.C.P. 11 for having to defend against a frivolous and groundless appeal. *Id.* Lastly, BBVA requests if Mr. Zipris' posted an appeal bond to have the Court apply those funds towards BBVA's judgment against Mr. Zipris. *Id.*

In his Response, Mr. Zipris argues the judgment issued on April 7, 2021, was not a final judgment because it did not end the litigation on all issues of merit. Response at 1–2. Mr. Zipris contends the small claims court entered a second judgment on May 26, 2021. *Id.* at 2 (citing Exhibit: Findings and Order Granting Motion (in part) for Attorney Fees Pursuant to CRS 13-17-102). Mr. Zipris filed his Notice of Appeal on June 8, 2021, which was within 14 days of the asserted final judgment. *Id.* He argues the minute order on April 7, 2021, did not rule on issues of merit because it did not rule on BBVA's request for attorneys' fees, which BBVA sought in its answer to Mr. Zipris' complaint. *Id.* at 3. Additionally, the April 7, 2021 minute order states attorneys' fees will be addressed in a separate order. *Id.* at 3–4 (citing Exhibit: Minute Order).

5

## Exhibit 9F

Mr. Zipris' contends BBVA's request for attorneys' fees amounted to damages and required a specific ruling on the merits. *Id.* at 5 (citing *Ferrell v. Glenwood Brokers, Ltd.*, 848 P.2d 936, 938 (Colo. 1993)). Finally, Mr. Zipris asserts he paid the appeal bond on June 24, 2021, immediately after the Court informed him it was set at $2,500. *Id.* at 6.

In its Reply, BBVA again asserts a final judgment on the merits is appealable regardless of unresolved issues of attorney fees. Reply at 2 (citing *Baldwin*, 757 P.2d 1072). It adds C.R.S. § 13-17-102 "is a fee-shifting statute that authorizes the recovery of attorney fees from an opposing party when that party has pursued a substantially frivolous claim, defense, or position." *Id.* at 3 (quoting *E-470 Pub. Highway Auth. v. Revenig*, 140 P.3d 227, 229 (Colo. App. 2006)).

> When a party seeks to recover the attorney fees it incurred to litigate the action before the court, based on a contractual or statutory fee-shifting provision, the fees are treated like costs, and the court need not address the issue until the litigation is completed and an order granting relief has entered. In these circumstances, an appeal on the merits can proceed independently of the trial court's determination of the fees issue.

*Id.* (quoting *In re Marriage of Hill*, 166 P.3d 269, 272 (Colo. App. 2007)). BBVA explains because C.R.S. § 13-17-102 is a statutory fee-shifting provision, its fees are treated as costs and do not toll the time to file an appeal. *Id.* It adds it did not assert any claims for relief against Mr. Zipris but only sought reimbursement of attorneys' fees and costs in defending Mr. Zipris' frivolous and groundless lawsuit against it. *Id.* Therefore, BBVA concludes its request for attorneys' fees are not damages of a claim. *Id.* In his Sur-reply, Mr. Zipris persists in his argument BBVA's request for attorneys' fees and costs were damages. Sur-reply at 3.

BBVA's analysis is correct. The final judgment was issued on April 7, 2021. As explained above, Mr. Zipris was required to file a Notice of Appeal and post an appeal bond by April 21, 2021. There is no dispute he failed to complete either requirement by that time. Therefore, the Court **GRANTS** BBVA's Motion to Dismiss.

6

49

**Exhibit 9G**

### Conclusion

For the above stated reasons, it is **HEREBY ORDERED** the Motion to Dismiss is **GRANTED**.

It is **FURTHER ORDERED** Plaintiff's appeal is **DISMISSED for lack of jurisdiction** as notice of appeal was not timely filed.

It is **FURTHER ORDERED** Mr. Zipris' appeal bond, if one was paid, will be applied to the judgment entered against him and in favor of BBVA.

It is **FURTHER ORDERED** BBVA may file a motion for attorneys' fees and costs in defending this appeal within 14 days of entry of this order. Mr. Zipris may file a response to the motion for fees and costs within 14 days of the date of entry of the motion.

Dated:  July 22, 2021                    BY THE COURT:

_____
Frederick T. Martinez
District Court Judge

7

**Exhibit 10A**

RE: 21CV153

From:  18records (18records@judicial.state.co.us)

To:    dannyindenver@yahoo.com

Date:  Thursday, August 5, 2021, 11:00 AM MDT

**From:** Danny Z <dannyindenver@yahoo.com>
**Sent:** Thursday, August 5, 2021 10:39 AM
**To:** 18records <18records@judicial.state.co.us>
**Subject:** Re: 21CV153

# Can you email me the order from 7/22/2021?

On Thursday, August 5, 2021, 10:32:10 AM MDT, 18records <18records@judicial.state.co.us> wrote:

Good Morning,

The Register of Actions is attached here.

Thank you,

# Lily F.

Court Judicial Assistant

Record's Team

Arapahoe County Justice Center

7325 S. Potomac St. Centennial, CO 80112

arapahoerecordsrequest@judicial.state.co.us



For forms, instructions, and more information, please visit the State Court website:

51

1/2

**Exhibit 10B**

https://www.courts.state.co.us


**As of October 1st, 2019 pro-se litigants can now e-file into and view their DR case in its entirety any time of day by going to https://www.courts.state.co.us/Administration/Unit.cfm?Unit=efilenoaty**



**From:** Danny Z <dannyindenver@yahoo.com>
**Sent:** Wednesday, August 4, 2021 12:27 PM
**To:** 18records <18records@judicial.state.co.us>
**Subject:** 21CV153


Good afternoon, could you please email me summary of filings in the above case?


Thank you


Danny Zipris, Plaintiff


21CV153.
217 B

**Exhibit 11A**

RE: 21CV153

From:  kloek, shana (shana.kloek@judicial.state.co.us)

To:    dannyindenver@yahoo.com

Date:  Monday, August 9, 2021, 09:56 AM MDT


In this particular instance, it appears that the division did not mail a copy of the order to you.


**From:** Danny Z <dannyindenver@yahoo.com>
**Sent:** Monday, August 9, 2021 9:53 AM
**To:** kloek, shana <shana.kloek@judicial.state.co.us>
**Subject:** Re: 21CV153


Yes but each time this happens I need to file for correction and explain to the judge events that I am not responsible for, annoy the other party, beg the court to accept my filing and explain why it was filed "untimely." Then the other party files for objection and this process goes on for weeks or months.


On Monday, August 9, 2021, 09:46:21 AM MDT, kloek, shana <shana.kloek@judicial.state.co.us> wrote:


Thank you.  I believe you have what you requested now.


**From:** Danny Z <dannyindenver@yahoo.com>
**Sent:** Monday, August 9, 2021 9:43 AM
**To:** kloek, shana <shana.kloek@judicial.state.co.us>
**Subject:** Re: 21CV153


Sorry, the order I was not served with was issued by the district court on July 22, 2021 (not June 22, 2021).

**Exhibit 11B**

On Monday, August 9, 2021, 09:40:57 AM MDT, kloek, shana <shana.kloek@judicial.state.co.us> wrote:

Here is a copy of the order that was issued on July 22, 2021.  You filed the case on June 22, 2021.

Please let me know if that is not the order that you are referring to.

**From:** Danny Z <dannyindenver@yahoo.com>
**Sent:** Monday, August 9, 2021 9:35 AM
**To:** kloek, shana <shana.kloek@judicial.state.co.us>
**Subject:** 21CV153

Ms. Kloek, it turns out that the district court issued a judgment on June 22, 2021, an order that I was never served with. I have not received anything from the district court regarding this judgment order. There is currently no problem with the US mail in my area, since I did receive a letter from the county court in Littleton regarding a different issue and that letter was received 2 days after it had been sent by the court. Unlike attorneys, pro se litigants rely on letters from the court. I am sure you are aware that being served timely and properly is critical for complying with court deadlines.

Danny Zipris, Plaintiff

54

2/2

**Exhibit 12**

```
                           Print Minute Orders        4/09/21         9:33 AM
Status:              CLSD        County Court, Arapahoe County-Littl
Case #:   2020 S   000608     Div/Room:  A2       Type: Money
                     ZIPRIS, DANNY vs. BBVA USA INC
```
_____

```
   FILE DATE        EVENT/FILING/PROCEEDING
     4/07/2021     Minute Order (print)
JUDGE: AMO        CLERK:          REPORTER:
SMALL CLAIMS TRIAL - VIA WEBEX
JUDGE OLLADA          CLERK ENO          FTR DIV A2 1:00 PM
PLAINTIFF ATTY D. FIEN APPEARS VIA WEBEX (WITH K. PRICE).
DEFENDANT APPEARS PRO SE VIA WEBEX (WITH WITNESS).
PARTIES ARE READY TO PROCEED TO TRIAL.
PARTIES ARE SWORN AND TESTIFY.
PARTIES PROVIDE CLOSING ARGUMENTS.
COURT MAKES FINDINGS ON THE RECORD:
THE COURT FINDS PLAINTIFF WAS NOT ABLE TO MEET BURDEN BY PREPONDERANCE OF THE
EVIDENCE AND CASE IS DISMISSED.
DEFENDANT MOVES FOR ATTORNEYS FEES (FRIV AND GROUNDLS) AND COSTS AND MAKES
RECORD REGARDING MOTION.
 PLAINTIFF RESPONDS.
COURT ORDERS PLAINTIFF FILE MOTION RE SAME AND DEFENDANT WILL HAVE TWO WEEKS
TO RESPOND.
COURT WILL THEN PROVIDE WRITTEN ORDER REGARDING MOTION FOR ATTORNEY'S FEES.
 CASE DISMISSED.                                                      /ENO
```

**Exhibit 13**

**KAISER PERMANENTE.**

10/5/2021

To whom it may concern:

Mr. Zipris is a patient under my care who has been followed by me for increased back pain after a fall. He had a recent MRI on 9/11/2021 which showed the following findings:

1. Multilevel degenerative disk disease and facet osteoarthropathy throughout the lumbar spine as described above.

2. Severe spinal canal stenosis asymmetric to left at L3-4 could impinge any of the traversing nerve roots as noted above. No other significant central canal narrowing.

3. Left neural foraminal stenosis at L3-4 may impinge the left L3 nerve root.

4. Left lateral recess stenosis at L4-5 could impinge the left L5 nerve root.

Due to his condition the patient is likely to suffer from issues with chronic pain. This pain may make doing daily activities very difficult. If you have any questions or concerns please feel free to call my office.

Sincerely,

Scott Goodall, MD
Kaiser Permanente East Clinic
303-338-4545

ST13508

*Kaiser Foundation Health Plan of Colorado - Colorado Permanente Medical Group, P.C.*

10/28/21, 11:36 AM

## Exhibit 14

 **KAISER PERMANENTE**®

---

kp.org/messagecenter

---

## To letter
Scott Goodall, MD
Danny Zipris
10/28/2021


10/28/2021


Re: Danny Zipris
1818 S. Quebec Way Unit 11-6
Denver CO 80231


To Whom It May Concern,

Mr. Zipris is currently diagnosed with and suffering from a lumbar disc herniation with radicular pain into his legs. This has resulted in severe pain and very limited mobility. Ambulating requires great exertion and results in significant pain.
If possible, it would be in his best interest to reschedule any activity that requires travel or ambulation for any more than very short distances until his current medical condition has improved.
Thank you for your consideration.

Sincerely,

**Electronically signed by:**
Scott Goodall, MD
10/28/2021
10:34 AM

---

https://healthy.kaiserpermanente.org/colorado/secure/messages?kp_shortcut_referrer=kp.org/newmessage                    1/1

# Exhibit 15



| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>Court Address:<br>7325 S POTOMAC ST, CENTENNIAL, CO, 80112 | DATE FILED: October 28, 2021 8:37 AM<br>CASE NUMBER: 2021CV153 |
|---|---|
| **Plaintiff(s)** DANNY ZIPRIS<br>v.<br>**Defendant(s)** BBVA USA INC | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2021CV153<br>Division: 15          Courtroom: |
| **Order: Motion to Request Virtual Hearing Due to Medical Condition** | |

The motion/proposed order attached hereto: DENIED.

The Motion is DENIED for several reasons: 1.) There is no evidence before the Court, other than Mr. Zipris' self-serving statement, which states that he should be excused from a court appearance; 2.) Mr. Zipris has demonstrated that he is using the judicial system in an inappropriate fashion. It is imperative that the Court discuss with him proper procedure and the use of the Self-Help center immediately outside this Division; 3.) The use of Web-Ex for an evidentiary hearing where one party appears in person is cumbersome and does not allow for the proper presentation of the record, witness examination and preservation of the record.

Issue Date: 10/28/2021

FREDERICK THOMAS MARTINEZ
District Court Judge

58

**Exhibit 16A**

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 S. Potomac Street #100, Centennial, CO 80112<br><br>Appeal from the SMALL CLAIMS COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>Honorable Anne M. Ollada<br>1790 W. Littleton Boulevard, Littleton, CO 80120<br>Case No. 20S608 | DATE FILED: October 29, 2021 3:28 PM<br>CASE NUMBER: 2021CV153 |
| **Plaintiff-Appellant:**<br><br>DANNY ZIPRIS;<br><br>**v.**<br><br>**Defendant-Appellee:**<br><br>BBVA USA Inc. | ▲ COURT USE ONLY ▲<br><br>Case No: 2021CV153<br>Div: 15 |
| **ORDER GRANTING BBVA USA INC.'S MOTION FOR AWARD OF ATTORNEY FESS AND COSTS** | |

THIS MATTER comes before the Court upon the Defendant-Appellee, BBVA USA Inc.'s ("BBVA"), Motion for Award of Attorney Fees and Costs Pursuant to C.R.S. § 13-17-102 and C.R.C.P. 11, and the Court having reviewed the Motion, the attachments, any objections thereto, the file, and being otherwise duly advised in the premises,

DOES HEREBY FIND that the attorney's fees and costs sought by BBVA are reasonable and necessary under the Lodestar factors; and

DOES HEREBY FIND that an award of BBVA's attorney's fees is appropriate pursuant to the dismissal of the appeal filed by the Plaintiff, and the frivolous, groundless, and vexatious nature of such appeal given his untimely filing of the Notice of Appeal; and

DOES HEREBY FIND that BBVA is entitled to recover its reasonable costs, because BBVA is the prevailing party in this appeal; and

Therefore, the Court

DOES HEREBY ORDER that the Defendant-Appellee BBVA USA Inc. is hereby awarded attorney's fees in the amount of $3,490.00, and costs of $303.62, in its favor, and against the Plaintiff-Appellant, Danny Zipris, with interest accruing on said amounts at the statutory rate of 8% per annum.

**Exhibit 16B**

DATED this _____ day of _____, 2021.

October 29, 2021

BY THE COURT:

_____
DISTRICT COURT JUDGE

Frederick Martinez
District Court Judge

**Exhibit 17A**

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 S. Potomac Street #100, Centennial, CO 80112 | DATE FILED: November 19, 2021 11:20 AM<br>CASE NUMBER: 2021CV153 |
| Appeal from the SMALL CLAIMS COURT, ARAPAHOE COUNTY, COLORADO<br>Honorable Anne M. Ollada<br>1790 W. Littleton Boulevard, Littleton, CO 80120<br>Case No. 20S608 | |
| **Plaintiff-Appellant:**<br><br>DANNY ZIPRIS;<br><br>v.<br><br>**Defendant-Appellee:**<br><br>PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR TO BBVA USA, INC. | ▲ COURT USE ONLY ▲<br><br>Case No: 2021CV153<br>Div: 15 |
| **ORDER GRANTING MOTION TO ENJOIN PLAINTIFF-APPELLANT DANNY ZIPRIS FROM FURTHER *PRO SE* FILINGS** | |

This Court, having reviewed PNC Bank, National Association, successor to BBVA USA Inc.'s Motion to Enjoin Plaintiff-Appellant Danny Zipris from Further *Pro Se* Filings, the case file, and being advised in the premises, orders as follows:

Plaintiff-Appellant Danny Zipris is hereby enjoined from future *pro se* filings due to Plaintiff's serious abuses of the judicial process. Plaintiff-Appellant is ordered to obtain counsel to file any further pleadings into this Court. The Court finds that Plaintiff-Appellant has committed the following serious abuses of the judicial process:

a. Zipris improvidently filed a Notice of Appeal with the Colorado Court of Appeals verses the Colorado Supreme Court, and pursued said appeal despite the Court's Order dated September 2, 2021 advising him of such;

b. On September 7, 2021, Zipris filed a Motion for Preliminary Injunction with entirely no legal or factual basis;

c. Despite the Court's denial of his Motion for Preliminary Injunction dated September 7, 2021, Zipris filed a subsequent Motion for Temporary Restraining Order pursuant to C.R.C.P. 65 requesting the very same relief, again with no legal or factual basis;

1

**Exhibit 17B**

d. On September 10, 2021, Zipris filed yet another Motion for Temporary Restraining Order pursuant to C.R.C.P. 65 citing no basis in law and to which PNC had to file a Response;

e. On October 8, 2021, Zipris obtained issuance of a Subpoena for Production and served it on PNC Bank, even though the case is fully resolved and there are no outstanding contested issues;

f. On October 28, 2021, the Court advised Zipris in its Order that Zipris was using the judicial system in an inappropriate fashion, but Zipris has nevertheless continued with his inappropriate filings;

g. Zipris failed to appear for the hearing on October 29, 2021 despite the Court's denial of his Motion to Reschedule a Hearing Due to Medical Condition;

h. Despite the Court's Order quashing Zipris' Subpoena to Produce on PNC Bank, Zipris filed a Motion to Authorize Evidence Production with no legal basis on October 29, 2021;

i. On November 1, 2021, Zipris filed a motion to Reverse Ruling on Caption Amendment with no legal or factual basis;

j. On November 1, 2021, Zipris filed a Motion to Reverse Ruling that the Court found was without merit;

k. On November 4, 2021, Zipris filed a Motion to Reconsider expressing his mere disagreement with the Court's decision, and not setting forth any legal basis for reconsideration of the Court's Order;

l. On November 5, 2021, Zipris filed a Motion to Vacate arguing, as he did in several Motions immediately following dismissal of his appeal, that he was not served with the Court's July 22, 2021 Order.

Should Plaintiff-Appellant Danny Zipris continue to file pleadings *pro se* in this Court, such pleadings will be summarily denied and/or stricken. Defendant-Appellee PNC Bank shall not be required to prepare any response to such pleadings unless otherwise directed by the Court. Plaintiff-Appellant Danny Zipris is also strongly advised that PNC Bank has indicated that they will file a Motion for Contempt of Court if Mr. Zipris continues this behavior. Accordingly, Mr. Zipris is advised that he may be subject to punitive or remedial contempt of court which may subject him to incarceration, fines, costs and attorney's fees.

**Exhibit 17C**

Dated:  November 19, 2021                    BY THE COURT:



_____
Frederick T. Martinez
District Court Judge

**EXHIBIT 18A**

## RE: 2021CV153

From:  buckles, deanna (deanna.buckles@judicial.state.co.us)

To:     dannyindenver@yahoo.com

Date:  Friday, November 19, 2021, 08:19 AM MST


Thank you.  I will pass along to Judge Martinez.



**Deanna Buckles**

Court Judicial Assistant to

The Honorable Elizabeth Beebe Volz, Division 202

Arapahoe County District Court

7325 South Potomac Street, Centennial, CO 80112

Office: 303-645-6632

WebEx Link:  https://judicial.webex.com/meet/elizabeth.volz

WebEx Phone Number:  720-650-7664

Meeting Number:  925 342 553


"Be kind, but be fierce."  ~Sir Winston Churchill




**From:** Danny Z <dannyindenver@yahoo.com>
**Sent:** Friday, November 19, 2021 8:18 AM
**To:** buckles, deanna <deanna.buckles@judicial.state.co.us>
**Subject:** 2021CV153


# PLEASE SEE BELOW


----- Forwarded Message -----

**From:** Danny Z <dannyindenver@yahoo.com>

**To:** Pamela Kowalchuk <pamela.kowalchuk@judicial.state.co.us>

**Exhibit 18B**

**Cc:** Drew Fein <dfein@bdwf-firm.com>

**Sent:** Friday, November 19, 2021, 08:11:04 AM MST

**Subject:** 2021CV153

Ms. Kowalchuk,

Per instructions I received from 18SelfHelp this morning, I am informing you that due to my ongoing medical condition I will not be able to appear at the court today. A motion to reschedule or hold a virtual case management conference has been filed.

Thank you

Danny Zipris, Plaintiff