**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-1402-WJM-SKC

DANNY ZIPRIS,

      Plaintiff,

v.

HONORABLE ANNE M. OLLADA, and
HONORABLE FREDERICK T. MARTINEZ,

      Defendants.

---

**ORDER ADOPTING AS MODIFIED MARCH 6, 2023,
RECOMMENDATION OF MAGISTRATE JUDGE**

---

      This matter is before the Court on the March 6, 2023, Recommendation of United States Magistrate Judge S. Kato Crews ("Recommendation") (ECF No. 56) that the Court grant Defendants Judge Anne M. Ollada and Judge Frederick T. Martinez's[1] (together, "Defendants") Motion to Dismiss the Amended Complaint (ECF No. 46). On March 20, 2023, Plaintiff timely filed an objection to the Recommendation ("Objection") (ECF No. 61), and on April 3, 2023, Defendants filed a response to the Objection (ECF No. 62). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

      For the reasons explained below, the Court overrules the Objection, adopts the Recommendation as modified, and denies the Motion.

## I. BACKGROUND

      The Court assumes the parties' familiarity with the facts and incorporates by

---

[1] Judge Martinez has no relation to the undersigned.

reference the factual and procedural history contained in the Recommendation.  (ECF No. 56 at 1–3.)

## II. THE RECOMMENDATION

Judge Crews first considers whether Defendants are shielded by absolute judicial immunity.  (*Id.* at 4.)  He notes that "judges are absolutely immune from suit when 'resolving disputes between parties who have invoked the jurisdiction of a court." (*Id.* (quoting *Forrester v. White*, 484 U.S. 219, 227 (1998)).)  Next, he explains that there are two exceptions to this rule under Tenth Circuit law: (1) "when a judicial officer's actions are 'not taken in the judge's judicial capacity'"; and (2) when the actions "though judicial in nature, are taken 'in the complete absence of all jurisdiction.'" (*Id.* (quoting *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008)).)

With respect to Judge Ollada, Judge Crews determines her communication with counsel was not *ex parte*, despite Plaintiff's characterization, because it was "in open court, from the bench, and with Plaintiff and other witnesses present." (*Id.* at 5.)  Judge Crews continues that, even if the communication *were ex parte*, Judge Ollada would still be entitled to immunity because she spoke with counsel in her judicial capacity.  (*Id.* 6.)  Judges acting in a judicial capacity—even when doing so "in error, . . . maliciously, or . . . in excess of . . . authority"—are still entitled to immunity.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  Therefore, Judge Crews finds Judge Ollada entitled to immunity and recommends dismissal.  (ECF No. 56 at 6.)

With respect to Judge Martinez, Judge Crews first notes Plaintiff's reliance on *Taylor v. Taylor*, 273 P. 878 (1928), and *Weber v. Williams*, 324 P.2d 365 (1958), for the proposition that the Arapahoe County District Court's failure to properly serve him

with the order dismissing his appeal deprived Judge Martinez of jurisdiction.  (ECF No. 56 at 7–8.)  Judge Crews distinguishes these cases, and ultimately finds they do not support Plaintiff's position.  (*Id.*)  *Taylor*, Judge Crews reasons, stands only for the proposition that an appellant's failure to timely file a notice of appeal deprives the Colorado Supreme Court of jurisdiction to hear the appeal.  (*Id.* (citing *Taylor*, 273 P. at 878–79).)  As for *Weber*, Judge Crews reasons that the "legal service at issue was service of the summons and complaint on the defendant, without which the court could not exercise jurisdiction."  (*Id.*)  Therefore, he concludes that "*Weber* does not stand for the proposition that a court's failure to serve a party with a final order of dismissal strips the court of jurisdiction."  (*Id.*)  Accordingly, Judge Crews finds Judge Martinez entitled to immunity and recommends dismissal.

Finally, Judge Crews addresses whether Plaintiff's suit is barred by sovereign immunity.  "An official capacity claim against a government officer is really a claim against the government that employs that officer."  *Strepka v. Mill*er, F. App'x 823, 828 (10th Cir. 2001) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir.1998)).  Therefore, Judge Crews explains Plaintiff's claims are really claims against the State of Colorado and barred by the Eleventh Amendment unless Colorado has waived immunity, Congress has validly abrogated Colorado's immunity, or the *Ex parte Young* exception applies.  (ECF No. 56 at 8 (quoting *Harris v. Owens*, 264 F.3d 1282, 1289–90 (10th Cir. 2001)).)  Because it is undisputed that Colorado has not waived, nor has Congress abrogated Colorado's sovereign immunity with respect to 42 U.S.C. § 1983 claims, only the *Ex parte Young* exception can save Plaintiff's claims. (*Id.* at 9 (first citing *Griess v. Colorado*, 841 F.2d 1042, 1044–45 (10th Cir. 1988); and

then citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)).)  Because the *Ex parte Young* exception applies only to claims seeking prospective relief, which Plaintiff's claims do not, Judge Crews found no exception applies and that Plaintiff's claims are barred by the Eleventh Amendment.  (*Id.*)  Consequently, he recommends dismissal.

### III. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Rule 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

### IV. PLAINTIFF'S OBJECTION

Plaintiff raises numerous objections to the Recommendation.  The Court organizes them into four broad categories.

**A.      Standard of Review**

Plaintiff objects that Judge Crews did not apply the proper standard of review. The Objection appears to argue Judge Crews should have converted the portion of Defendants' Motion brought under Federal Rule of Civil Procedure Rule 12(b)(1) into a motion under Rule 12(b)(6).  (*See* ECF No. 61 at 3–4.)  But the argument is nonsensical because it argues the "jurisdictional issue in this case is *not* intertwined with the merits of Plaintiff's case."  (*Id.* at 4; *see Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001) ("[A] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case.").)

**B.      Factual Issues**

Plaintiff argues Judge Crews "misconstrued" the allegations in the Amended Complaint.  (ECF No. 61 at 4.)  Specifically, he takes issue with the statement that three witnesses heard Judge Ollada say the word "redact."  (*Id.*)  Instead, he asserts he carefully alleged merely that at least three people witnessed Judge Ollada's "conduct."  (*Id.*)  The Court finds this objection unpersuasive.  Whether others heard Judge Ollada use the word "redact" is immaterial.  An *ex parte* communication is one "between counsel or a party and the court when opposing counsel or party is not present." Black's Law Dictionary (11th ed. 2019).  Judge Crews does not rely on the witnesses (or Plaintiff for that matter) having heard Judge Ollada's instructions in finding she did not engage in an *ex parte* communication.  (ECF No. 56 at 5–6.)  Instead, he relies on *Plaintiff's* presence in the courtroom during the instructions and his failure to object or seek clarification of her instructions to the opposing party.  (*Id.*)

Plaintiff also complains that Judge Crews either "did not consider" or infer that Judge Ollada's instruction was an *ex parte* order.  (ECF No. 61 at 4.)  This is not so.  As the Court has explained, Judge Crews considers and rejects Plaintiff's characterization of Judge Ollada's communication with opposing counsel as *ex parte*.  Plaintiff's allegations make clear he was present when Judge Ollada made the allegedly *ex parte* communication.  (*See* ECF No. 38 at 5.)  Given this fact, Judge Crews found the factual allegations inconsistent with the conclusory characterization of this communication as *ex parte*.  (*See* ECF No. 56 at 5–6.)  Judge Crews is not obligated to assume as true an implausible legal conclusion inconsistent with the facts alleged.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  It necessarily follows from this that Judge Ollada did not issue an *ex parte* order.

Plaintiff next objects that Judge Crews "did not consider" that Judge Ollada's discussion with opposing counsel was not included in the trial transcript.  Plaintiff does not explain the importance of this allegation.  Rather he apparently assumes it speaks for itself.  (ECF No. 61 at 4–5.)  The bottom line is that Judge Crews correctly determines that Judge Ollada's communication was not *ex parte* because Plaintiff was present.  Nor do Plaintiff's references to the Colorado Code of Judicial Conduct—which concern inappropriate communications "outside the presence of the parties or their lawyers"—overcome this fact.

With respect to its various factual arguments, the Objection is overruled.

**C.    Judicial Immunity**

1.    <u>Judge Ollada</u>

Defendant contends that Judge Crews's "argument" that judges do not lose immunity even if their actions are erroneous, done with malice, or done in excess of the

judge's authority is "irrelevant."  (ECF No. 61 at 3.)  The only support for this argument is that "[b]oth Defendants knew in real-time [*sic*] that their actions were a violation of law" and "chose to ignore "Plaintiff's pleadings."  (*Id.*)  The Court disagrees.  At most, Plaintiff's assertion that Defendants' actions were deliberate, shows Defendants acted with malice—which the Supreme Court has held is not sufficient to deny immunity. *Sparkman*, 435 U.S. at 356.

Plaintiff next asserts that Judge Ollada's actions were taken "outside of" (*i.e.*, without) jurisdiction.  (ECF No. 61 at 8.)  Ultimately, this argument collapses into Plaintiff's earlier arguments because it is premised on the assertion that Judge Ollada issued an *ex parte* order.  Not only has the Court already rejected this argument in this Order, the allegations in the Amended Complaint also clearly show that Judge Ollada did not act in complete absence of jurisdiction.  While presiding over a trial in her courtroom, Judge Ollada gave instructions to a party regarding documents being produced in the course of the litigation currently before her.  (ECF No. 38 at 5–7.) Plaintiff's argument is without merit.

With respect to Judge Ollada's judicial immunity, the Objection is overruled.

2.  <u>Judge Martinez</u>

Plaintiff argues Judge Crews "did not consider the law and Plaintiff's facts" with respect to Plaintiff's argument that Judge Martinez acted without jurisdiction.  In support he cites appellate rules requiring the clerk of court to serve orders on all parties the day they are entered and case law holding that a court's failure to mail an order was a denial of due process.  (ECF No. 61 at 8–9.)  What the Objection fails to do, however, is explain how this procedural and constitutional violation *deprives a court of jurisdiction after it has rendered a ruling.*  (*See id.*)  Because the jurisdictional question is the basis

of Judge Crews's recommendation on immunity, and Plaintiff fails to meaningfully meet it, the Objection is overruled.

**D.     Sovereign Immunity**

Finally, Plaintiff objects that Judge Crews "failed to consider Defendants' actions in light of *Stump v. Sparkman*" in the context of sovereign immunity.  (*Id.*at 9–10.) *Sparkman*, however, has nothing to say about the Eleventh Amendment.  *See generally Sparkman*, 435 U.S. 349.  Judge Crews correctly concludes that Plaintiff's official-capacity suit is a suit against the State of Colorado, which is entitled to sovereign immunity unless one of three exceptions apply.  (ECF No. 56 at 8–9.)  Because he correctly concludes that none of the exceptions apply, Judge Crews correctly further concludes that the Court lacks jurisdiction, and recommends dismissal.  (*Id.*)  With respect to sovereign immunity, the Objection is overruled.

Though the Court has addressed each of the Objection's arguments for the sake of completeness, because the Court finds it lacks jurisdiction, it dismisses the Amended Complaint without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.     The Magistrate Judge's Recommendation (ECF No. 56) is ADOPTED AS MODIFIED;

2.     Plaintiff's Objection (ECF No. 61) is OVERRULED;

3.     Defendants' Motion to Dismiss the Amended Complaint (ECF No. 46) is GRANTED IN PART and DENIED IN PART, consistent with this Order;

4.      Plaintiff's Amended Complaint (ECF No. 38) is DISMISSED without

prejudice;

5.      The Clerk shall terminate this case; and

6.      The parties shall bear their own costs.

Dated this 28th day of July, 2023.

BY THE COURT:

_____

William J. Martínez
Senior United States District Judge