**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-1402-WJM-SKC

DANNY ZIPRIS,

      Plaintiff,

v.

HONORABLE ANNE M. OLLADA, and
HONORABLE FREDERICK T. MARTINEZ,

      Defendants.

---

## ORDER DENYING RULE 59(e) MOTION

---

Before the Court is *pro se* Plaintiff Danny Zipris's Rule 59(e) Motion to Amend or Alter (ECF No. 70) ("Motion") the Court's Order dismissing his amended complaint, consistent with the Recommendation of United States Magistrate Judge S. Kato Crews. Defendants Judge Anne M. Ollada and Judge Frederick T. Martinez's filed a response in opposition.  (ECF No. 71.)  Zipris filed a reply to this response.  (ECF No. 72.)

## I.      ANALYSIS

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Zipris relies on Rule 59(e), which provides three grounds for reconsideration of an adverse judgment: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent

manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th

Cir. 2000).  The Federal Rules of Civil Procedure do not, however, offer an opportunity

for a party to reargue its case after the court has rendered a decision.  *Id.* (holding that a

party moving to reconsider a prior ruling should not "revisit issues already addressed");

*see also All West Pet Supply Co. v. Hill's Pet Products Div.*, 847 F. Supp. 858, 860 (D.

Kan. 1994) ("A motion to reconsider or to alter or amend may not be used as a vehicle

for the losing party to rehash arguments previously considered and rejected by the

district court.").  Nor is it appropriate in a Rule 59(e) motion to "advance argument that

could have been raised in prior briefing."  *Servants of the Paraclete*, 204 F.3d at 1012;

*see also Jiying Wei v. Univ. of Wyoming College of Health School Pharmacy*, 759 Fed.

Appx. 735, 740 (10th Cir. 2019) (discerning no abuse of discretion in district court's

decision not to consider new arguments raised in a Rule 59 motion).  Relatedly, in the

Tenth Circuit, "[i]ssues raised in the first time in objections to the magistrate judge's

recommendation are deemed are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421,

1426 (10th Cir. 1996).

Here, Zipris contends that the Court "erred by not applying the Colorado

Government Immunity Act (CGIA), which limits immunity for public entity employees,

including judges."  (ECF No. 70 at 2.)  He "requests that, pursuant to the CGIA, this

court determines Defendants' conduct as willful and wanton, denies Defendants'

immunity claims, and rules that this Court has jurisdiction over [his] lawsuit."  (*Id.*)  As

Zipris appears to acknowledge, however, he did not argue that the Colorado

Government Immunity Act applies in this case in the proceedings below.  (ECF No. 72

at 3.)  Indeed, Zipris does not dispute that this is a new argument; instead, he simply

says that courts have a duty "to apply the correct legal standard and independently interpret and apply the law, *even if the parties did not explicitly cite or raise those legal theories and authorities*.  (*Id.*) (emphasis added).  Contrary to Zipris's assertion, the fact that he did not raise these arguments in the proceedings below is fatal to his Rule 59(e) motion.  *See Jiying Wei*, 759 Fed. Appx. at 740 ("To the extent [Wei] raised these arguments in her Rule 59/60 motion, we conclude that the district court did not abuse its discretion in declining to consider them because motions under Rule 59 and Rule 60 are inappropriate for advancing new arguments or supporting facts that could have been raised in prior briefing.").

And to the extent Zipris also argues that the Court "erred in determining that [Judge Ollada's] whispering exchange did not constitute ex parte communication" (ECF No. 70 at 4, 6), or that Judge Frederick Martinez deprived him of due process by failing to serve him with the Court's Order (*id.* at 8), the Court notes that these arguments mirror those set forth in his Objections to the Magistrate Judge's Recommendation that Defendants' Motion to Dismiss be granted.  (ECF No. 61 at 4–8.)  In adopting the Magistrate Judge's Recommendation and dismissing Zipris's amended complaint, the Court already considered those arguments and found them unpersuasive.  (ECF No. 66 at 5–8.)

In sum, because Zipris has not shown that there was an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice, his Motion (ECF No. 70) is DENIED.

## II.    CONCLUSION

For the reasons set forth above, the Court ORDERS that the Motion to Amend or

Alter (ECF No. 70) is DENIED.

Dated this 31st day of July, 2024.

BY THE COURT:

William J. Martinez
Senior United States District Judge